# Banks v. Speers *et al.*

*Bill in Equity to enjoin Sale of a Decedent's Lands, and to recover a Debt from the Administrator and his Sureties.*

1. *When lands of deceased person sold for payment of his debts* —The right to sell the lands of a deceased person in payment of his debts is dependent, under the statute, (Code, § 2102), upon the insufficiency of the personal property to pay such debts; and where the personal effects of such decedent, over and above exemptions, were sufficient to pay the debts of his estate, but they were wasted by the administrator, or applied to his own use, such *devastavit* furnishes no ground for a sale of the lands of such estate; the administrator and his sureties in such case must be looked to to make up the deficit.

2. *When sale of lands to pay debts of a decedent will be enjoined.*—The sale of lands by the probate court, at the instance of the administrator, to pay the debts of his intestate will be enjoined at the suit of the purchaser of lands from the heirs of the decedent, where it is shown that the personal property of the decedent's estate, over and above

[Banks v. Speers *et al.*]

exemptions were sufficient to pay all the debts of such estate, but were wasted or misapplied by the administrator; and a bill filed to enjoin the sale under such circumstances contains equity.

3. *Judgment against administrator for devastavit; bars sale of lands of intestate for payment of such debts.*—Where creditors of a decedent obtained a judgment for their claims against the sureties on the bond of the administrator of the decedent, as for a *devastavit*, such judgments are conclusive of the *devastavit* against such administrator and his sureties on his bond, and the lands of the estate of the decedent can not be sold for the payment of such debts.

4. *Claim of administrator de bonis non against administrator in chief for devastavit a personal asset of the estate; duty of administrator de bonis non.*—Where the administrator in chief came into the possession of sufficient personal assets of the estate to pay the debts thereof, but wasted them or converted them to his own use, it is the duty of the administrator *de bonis non* to compel a settlement of his predecessor in an accounting by him for the assets which he wasted or converted; and this claim of the administrator *de bonis non* against the administrator in chief for such *devastavit* is a personal asset in the hands of the latter, for which, if he fails to use proper diligence to recover it, he is responsible to those entitled to the estate.

5. *Same.*—Where personal property, sufficient to pay all of the debts of the estate, is received by the administrator, who wasted or converted it to his own use, and one of his sureties, against whom a judgment for such debts, as for a *devastavit* had been rendered, is appointed administrator *de bonis non* of such estate, he is chargeable with such debts, and can not subject the lands of his intestate's estate to their payment.

6. *Bill to enjoin sale of lands; when multifarious.*—A bill by one who purchased lands from the heirs of a decedent, and who was also a creditor of such decedent, to enjoin the sale of the lands purchased by him to pay the debts of said decedent, to recover from the administrator and his sureties the amount of his debt against said estate, and to remove the administration of the estate from the probate into the chancery court, is multifarious.

7. *Same; necessary parties.*—Where a bill is filed to enjoin the sale of lands of a decedent's estate to pay his debts, on the ground that the administrator had received sufficient personal property to pay all the debts of said estate, the sureties on the bond of such administrator are not necessary parties to such bill.

APPEAL from Chancery Court of Walker.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed by the appellant, William Banks, against the appellees, on February 22, 1893.

Martin D. Burchfield died in March, 1886, a resident citizen, at the time, of Walker county. S. R. Burch-

field, his son, became his administrator, by appointment of the probate court of said county, on 20th July, 1886, with Artemesia Burchfield, the widow of decedent, E. W. Miller, S. J. Childers, S. G. Sherer, and John Speers, as sureties on his administration bond. After more than 18 months had elapsed from the appointment of said S. R. Burchfield, as such administrator in chief, he resigned, without having made any settlement of his administration, and John Speers, one of the sureties on his administration bond, was appointed administrator *de bonis non* of the estate of said M. D. Burchfield, deceased, with F. A. Gamble, T. P. Lampkin and W. Worthington, as the sureties on his administration bond.

The bill alleges, that the administrator in chief came into possession of personal assets of said deceased, more than sufficient to pay all the debts of the estate, and a copy of his inventory of the personal effects which came to his hands is attached as an exhibit; that he converted them to his own use and wasted them, and failed to pay the debts out of the personal assets; that there were only three debts existing against said estate, viz., a claim of Haynes & Gaines, co-partners, and one by Solomon & Levi, as co-partners, and one by B. M. Long; that said two firms obtained judgments on their respective claims against said S. R. Burchfield, as said administrator in chief, the one amounting to $140.70, and the other, to $299.50, upon which judgments executions were regularly issued, which, coming to the hands of the sheriff of said county, were by him returned "no property found," and thereupon brought suit against the above sureties, on the bond of said administrator in chief, as for a *devastavit*, to recover the amounts of their respective judgments against them, alleging in their complaints, the fact of their having obtained said judgments, and the issue and return of executions thereon, "no property found," and that said administrator had received personal assets of his said intestate, of greater value than the debts of said estate, which he had wasted and converted to his own use, and did not apply to the payment of said debts; in which suits, on the trial thereof, in the circuit court of Walker county, the plaintiffs in said judgments recovered judgments against said sureties; that said B. M. Long sued and obtained a judgment for $100 against said John Speers, as administrator *de bonis non* of said

estate, on his claim, and entered into a written agreement with said Speers, that it should not be collected out of him personally, and complainant, in ignorance of said written agreement, bought the judgment from Long; that Speers received sufficient assets of said decedent, to pay this debt, or by proper diligence could have received them.

It is further alleged, that the judgments against said administrator in chief, in favor of said firms of Haynes & Gaines and Solomon & Levi, have been paid, either by S. R. Burchfield, himself, or by some of his sureties, and in order to save them harmless, said Burchfield executed and delivered to two of them, the said John Speers and S. G. Childers, a mortgage on certain real estate described in the bill; that neither of these judgments have been marked satisfied, but, by collusion of the plaintiffs in said judgments and the sureties of said administrator in chief and said S. R. Burchfield himself, said judgments are allowed to stand unpaid, in order that the lands which belong to said estate, and which complainant purchased from the widow and heirs of the deceased, may be subjected to their payment, for the use and benefit of said S. R. Burchfield.

It is further averred, that complainant, more than 18 months after the grant of letters of administration on said estate, purchased from the widow of said M. D. Burchfield, and his heirs,—one of whom was said administrator in chief, S. R. Burchfield,—two lots, Nos. 7 and 8, in the town of Jasper, for which he paid them $2,500 in cash, and took from them a warranty deed of conveyance; that he paid to said S. R. Burchfield $500, as his share of the purchase money for said lots; that complainant entered into possession, made valuable improvements, and is now in possession of them by his tenants; that up to that time, no effort had been made by said administrator, or by any of the creditors of decedent, to subject said lands to the payment of debts, but complainant was informed by said administrator, at the time of his said purchase of said lots, that they were not subject to the debts of deceased, upon the faith of which statement, complainant purchased and paid for said lots.

It is further averred, that said Speers, as administrator *de bonis non*, brought his action in ejectment against complainant, to recover possession of said lots, and re-

covered judgment against him, which, on appeal to this court, was affirmed at the November Term, 1892, on which judgment a writ of possession has been issued and placed in the hands of the sheriff; that said Speers, as such administrator, has filed his application, in due form, with appropriate allegations, in the probate court of Walker county, for the sale of said lots purchased by complainant from the widow and heirs of said decedent, for the payment of said judgments recovered by the creditors of the estate of his intestate.

The complainant further alleges, that said Speers is solvent, and the money on any or all of said judgments can be made out of him, if they have not been paid and satisfied, and it is averred that said Speers is estopped from obtaining an order of the probate court to sell said lands to pay the debts of said deceased, and that the creditors, plaintiffs in said judgments, are estopped also; that said Speers claims there are about $1,000 due on debts of the estate, but complainant has no means of ascertaining the truth of such representations, and, therefore, he can not pay off and satisfy any of them without a judicial ascertainment of their existence, validity and amount; but, if any claims exist which ought, in equity to be paid, and for which said lots are liable, complainant avers he is able and willing and offers to pay the same, so as to relieve his lots from the liability, and to save the necessary expense of a sale of them by order of court, and their sacrifice at a forced sale thereof.

The heirs of M. D. Burchfield, S. R. Burchfield and the sureties on his official bond, as administrator in chief of said estate, John Speers and the sureties on his administration bond, as administrator *de bonis non* of said estate, E. H. Solomon and E. H. Levi, composing the firm of Solomon & Levi, Sylvester Gaines and T. H. Haynes, composing the firm Haynes & Gaines, are made parties defendant to the bill.

The prayer is, that the administration of said estate be removed from the probate, into the chancery court of Walker county; that the execution of the writ of possession of said land, and the proceeding in the probate court of said county for the sale of the same to pay the debts, be perpetually enjoined; that the lands be decreed not to be subject to the payment of the debts of decedent; that before said land is decreed to be sold

[Banks v. Speers *et al.*]

for such purpose, the property mortgaged by S. R. Burchfield to said Speers and Childers be sold, and the proceeds applied to the debts of deceased, if any; that if the lots of land purchased by complainant from the widow and heirs of decedent be adjudged subject to the payment of his debts, that the amount for which they are liable be ascertained, and complainant allowed to pay the same, and that said Speers, as administrator *de bonis non*, be perpetually enjoined from all right, possession and control of the same; that complainant be allowed to recover of said Speers and the sureties on his administration bond the amount of said judgment recovered by said B. M. Long against him, as administrator *de bonis non*, with interest thereon, and for general relief.

Motions to dissolve the injunction, which had been granted in the case, and to dismiss the bill for want of equity were submitted by John Speers, and each was overruled by the chancellor. A motion to dismiss for want of equity was filed by said Gamble, Worthington, Lampkin, Childers and S. R. Burchfield, and severally overruled. Said Gamble, Worthington and Lampkin, jointly, filed a demurrer, on the grounds, among others, that they were improper parties to the bill; and that the bill is multifarious. This demurrer was sustained. Said Solomon & Levi demurred on the same grounds, as did the parties last mentioned, which was overruled, as to the first, and sustained as to the last ground—that of multifariousness. John Speers, as administrator *de bonis non,* demurred on the grounds: (1), that the bill shows that the probate court of said county had, before the filing of this bill, acquired jurisdiction of the administration of said estate, and no reason is shown for the removal of the same from said probate into the chancery court; (2) and (3), that complainant has a complete and adequate remedy in the probate court; (4), because the bill shows that the said land is liable for the payment of the debts of said estate; and, (5), because the bill is multifarious. The first and fifth grounds were sustained, and the others overruled. The said S. R. Burchfield demurred on the same ground as did said Speers, as administrator, and the court sustained the 1st and 5th and overruled the other grounds. Said Childers and Sherer filed a demurrer on grounds: (1), that the bill is multifarious; (2), that they were improper parties to the bill;

(3), that complainant has an adequate remedy at law; and, (4), because it is shown, that the probate court of said county, before the filing of the bill, had already acquired jurisdiction of the administration of said estate, and no sufficient reason is shown for removing the same out of the probate, into the chancery court. All of these grounds were sustained except the 3d, which was overruled.

By agreement of counsel filed in the cause, John Speers was permitted to assign errors in the record, and a severance was granted, that he might assign them separately.

The complainant assigns as errors, the rulings of the court in sustaining said several demurrers. Said Speers assigns as error, the rulings of the court in refusing on his motion to dismiss the bill and to dissolve the injunction, and in overruling his 2d, 3d, and 4th grounds of his demurrer.

W. B. APPLING, W. H. SMITH, JR., and SMITH & LOWE, for appellants, cited 1 Brick. Dig., 753, § 1688, p. 655, §§ 210, 211; *Hill v. Armistead*, 56 Ala. 118; *Handley v. Heflin*, 84 Ala. 600; *Banks v. Speers*, 97 Ala. 560; *Moses v. White*, 6 John. Ch. 360.

COLEMAN & SOWELL, *contra.*—1. In the absence of allegations of the insolvency of any of the parties, the complainant has a complete and adequate remedy in a court of law.—*Knight v. Drane*, 77 Ala. 371; *Gafford v. Proskauer*, 59 Ala. 264; *Cave v. Webb*, 22 Ala. 583; *Martin v. Mohr*, 56 Ala. 221; *T. C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206.

2. The judgments obtained against the administrator in chief and the administrator *de bonis non* as the surety on his bond are not binding in a proceeding to subject land to the payment of debts—*Teague v. Corbitt*, 57 Ala. 529; *Pearson v. Darrington*, 32 Ala. 227; *Starke v. Wilson*, 65 Ala. 576; *Scott v. Ware*, 64 Ala. 174.

3. It makes no difference whether the assets were received by S. R. Burchfield, as administrator, and he committed a *devastavit*, for if he did so then the claim of Speers as administrator *de bonis non* against him for a *devastavit* is as much assets in his hands as if he had received from S. R. Burchfield a promissory note due the

estate.—*Waring v. Lewis*, 53 Ala. 628 ; *Martin v. Ellerbe*, 70 Ala. 327.

4. The motion to dismiss the bill and dissolve the injunction, because there was no equity in the bill should have been sustained.—*T. C. & D. R. R. Co. v. Rhodes*, 8 Ala. 206; *Martin v. Mohr*, 56 Ala. 221 ; *Cave v. Webb*, 22 Ala. 583 ; *Gafford v. Proskauer*, 59 Ala. 264 ; *Knight v. Drane*, 77 Ala. 371 ; *McNeill v. McNeill*, 36 Ala. 109 ; *Teague v. Corbitt*, 57 Ala. 529 ; *Farris v. Houston*, 78 Ala. 250.

5. The ground of demurrer assigning multifariousness was properly sustained. The relief sought against Worthington, Gamble and Lampkin has no connection with the other relief.—*Adams v. Jones*, 68 Ala. 117 ; *Hardin v. Swoope*, 47 Ala. 273 ; *Clay v. Gurley*, 62 Ala. 14.

HARALSON, J.—1. As touching plaintiff's interest in the real estate—the sale of which by Speers, the administrator *de bonis non* of M. D. Burchfield, this bill is filed to enjoin—upon the same state of facts showing his interest in and title to the property, as is before us in this record, we said, in the case of *Banks v. Speers*, 97 Ala. 560 : "If the record before us truly sets forth the facts, the sale and conveyance to Banks, made, as they were, by the widow and all the heirs, vested in him all the title and ownership of the lots, except what may be required to pay the judgments brought to view in the trial below, and the attendant expenses of administration. This is the extreme limit of the right the administrator *de bonis non* can assert. Any thing beyond that, which may be realized from a sale of the lands, will become the property of Banks, the purchaser. Such being the outside limit of the liability resting on the lots, it follows that, if those debts and the attendant expenses are paid, the extremest right that Speers could assert, will have been met and satisfied, and no further disturbance of Bank's title and possession can come from that quarter."

It is manifest, then, that the only interest appellant has in this litigation, and in the estate of said M. D. Burchfield, is in the title to the two lots mentioned in the bill. If he has such a case, as that he can perpetually enjoin the administrator *de bonis non* from selling those lots for the payment of the debts of the deceased, he has no concern in the settlement of said estate between the heirs and distributees of the intestate,

The administrator *de bonis non* has no rights to this property, except for the purpose of paying debts, and, if there are personal assets sufficient to pay these, he is without authority to touch the land for that purpose. For it is well understood, that if there are sufficient personal assets to pay the debts of the decedent, there can be, under the statutes, no order for the sale of his lands for their payment. The existence of debts to be paid is a jurisdictional enquiry in an application for the sale of lands for such purposes.—Code, § 2103; *Owens v. Childs*, 58 Ala. 113; *Lee v. Downey*, 68 Ala. 98.

2.   And akin to this, is that other as well settled principle, that if the personal effects, over and above exemptions, have been sufficient to pay the debts of an estate, and they have been wasted by the administrator or applied to his own use, this fact furnishes no ground for the sale of the lands. The administrator and his sureties, must be looked to, to make up the deficit, and proof of such facts is a bar to any order of sale that may be asked for.—*Banks v. Speers, supra*.

The fact is stated in the bill, that S. R. Burchfield, the administrator in chief of the estate of said M. D. Burchfield, upon his appointment and qualification as such, came into the possession of money and choses in action belonging to his intestate, of value, over and above exemptions, sufficient to have paid off and discharged all the debts against his intestate, and all the costs and expenses of administration; but he has misapplied and wasted or converted them to his own use, and did not apply them to the debts of the decedent. If this be true, no recourse can be had to the real estate for the payment of the debts, if any, that may be owing.

3.   It is also further averred, that the only debts not barred by the statute of limitations or non-claim against said decedent, were claims of Solomon & Levi and Haynes & Gaines, and B. M. Long; that said firms sued said administrator in chief on their respective claims, the former in the circuit court, and the latter before a justice of the peace, and recovered judgments against him, the one for $226, and costs, and the latter, in two suits, for $140.70, on which judgments, executions were issued, *de bonis intestatis*, and, coming to the hands of the sheriff of the county, were by him returned, "No property found;" that suits were, thereafter, instituted by the plaintiffs in

said judgments in the circuit court of Walker county, against the sureties on the administration bond of said S. R. Burchfield, as for a *devastavit*, to recover the amounts of their respective judgments and interest, alleging in the complaint, the facts above stated, and averring also, that goods and chattels of said M. D. Burchfield, sufficient in value to pay said judgments, came to the hands of said administrator, who wasted and converted them to his own use, and he did not pay said judgments or any parts thereof from said goods and chattels; and, in said suits, on issue joined, judgments were rendered against said sureties for the amounts of said judgments.

If these facts are true, they are conclusive of a *devastavit* against said administrator and the sureties on his bond, and bar any order of sale of said lands that may be asked for, for the payment of said judgments.—*Banks v. Speers, supra; Martin v. Ellerbe*, 70 Ala. 341; *Grimmet v. Henderson*, 66 Ala. 521; *Seawell v. Buckley*, 54 Ala. 592; *Waring v. Lewis*, 53 Ala. 623, 626; *Kyle v. Mays*, 22 Ala. 692.

4. The bill further shows, that complainant, after the lapse of more than 18 months from the grant of letters of administration to said S. R. Burchfield, purchased from the widow and heirs of the intestate, two lots in the town of Jasper, for which he paid them in cash the sum of $2,500,—their full value,—and took a warranty deed from them; five hundred dollars of which amount was paid to S. R. Burchfield, one of the heirs of the intestate, and one of the grantors in said deed, and also the administrator of said estate, as his share of the purchase money of said lots; that no efforts had been made by said administrator or by any of the creditors of decedent, to have the real estate sold for the purpose of paying debts, and complainant was told by said administrator, before he purchased said lots, that the lands of the estate were not subject to the debts of intestate, upon the faith of which assurance, he purchased and paid for said lots.

It is further stated, that said judgments have been paid either by S. R. Burchfield himself, or by some of the sureties against whom they were rendered, but have not been marked satisfied; but, by collusion between the plaintiffs in said judgments and the sureties of said S. R. Burchfield, and said Burchfield, himself, the judgments are allowed to stand unsatisfied, in order that the

land bought by complainants may be subjected to their payment, for the benefit of said Burchfield; and that he, in order to save said John Speers and S. G. Childers, two of the sureties on his administration bond, harmless, executed and delivered to them a mortgage on certain real estate therein mentioned.

5. It is also made to appear that after said Speers became administrator *de bonis non* of said estate, he was sued, as such, by said B. M. Long on his claim against said estate, and judgment recovered thereon against him for $100, which judgment, Long agreed with Speers he would not enforce against him personally; that complainant, in ignorance of any such agreement, purchased said judgment from said Long, and now owns the same.

If the administrator in chief came into possession of assets of the estate, sufficient to pay this, and the other debts of the estate, but wasted them and converted them to his own use, as is alleged, the statute clothed the administrator *de bonis non* not only with the authority, but made it his duty, to compel a settlement of his predecessor, in an accounting by him for the assets which he wasted or converted. "The title, authority and duty of the administrator *de bonis non*, in such case, in respect to the liability of his predecessor is precisely that he has in reference to the choses in action of his intestate." The claim of the administrator *de bonis non* against the administrator in chief for a *devastavit*, is a personal asset in the hands of the administrator *de bonis non*. And if he fails to use proper diligence, to recover such assets, and protect the estate against loss, he renders himself accountable for the loss to those entitled to the estate.— *Eubank v. Clark*, 78 Ala. 81; *Martin v. Ellerbe*, 70 Ala. *supra; Glenn v. Billingslea*, 64 Ala. 352; *Waring v. Lewis*, 53 Ala. 628; Code, § 2173.

Besides, upon Speers' appointment as administrator *de bonis non*, his right to demand and his obligation to pay co-existed in himself, and he became chargeable with the two judgments recovered against him as one of the sureties of the administrator in chief, as though he had collected the money thereon.—*Ragland v. Calhoun*, 36 Ala. 611; *Flinn v. Carter*, 59 Ala. 364.

6. It is averred that the administrator in chief re-

signed, on the 2d of November, 1891, and on the 6th of the same month, said administrator *de bonis non* was appointed; and it is charged that the object and purpose of the resignation of the one, and the appointment of the other, was to obviate, as far as possible, an estoppel against the administrator in chief from recovering lands from complainant, which he had conveyed, as one of the heirs of his intestate, to complainant. It is further charged that said John Speers is solvent, that said judgments could have been collected out of him, but the plaintiffs in them have made no effort to do so, and said Speers has wasted the assets of the estate in his failure to collect the same as he might have done.

Complainant has shown that he is the owner of said lots of land, and the party really interested to resist the application of the admistrator *de bonis non*, in the probate court, for an order for their sale to pay debts. He was not, and in the nature of things could not be, a party to that proceeding. He has a right, therefore, to apply to the chancery court for its injunction against an order to which the administrator, under the averments of the bill, had no right, and the granting of which, in that court, he was powerless to prevent.

As has been shown, complainant has no occasion for the removal of this estate from the probate into the chancery court, to protect himself against the demands of the administrator *de bonis non*, on his lots of lands for the payment of the debts of the intestate, so far as they are brought to light in this case. But, he has presented a case entitling him to a perpetuation of the injunction granted against the writ of possession and the application of said administrator in the probate court for their sale to pay debts.

7. The only necessary parties defendant to the bill were the administrator *de bonis non*, John Speers, and the widow and heirs at law of said M. D. Burchfield, and the plaintiffs in said judgments—E. Solomon and E. H. Levi as Solomon & Levi, and Sylvester Gaines and T. H. Haynes, as Haynes & Gaines; and we understand the court below to have so ruled.

All the other questions sought to be brought into the litigation, are foreign to the true purposes of the bill, and the court correctly so decided. The motions to dismiss for want of equity were properly overruled.

[McCullough *et al.* v. Floyd.]

The rulings on the many grounds of demurer and motions interposed, seem to be in accordance with the principles above declared, and the decree is affirmed.