# Spear v. Banks.

*Final Settlement of an Administration in Probate Court.*

1. *Settlement of an administration; right of assignee of distributees to be made party to a settlement.*—In a final settlement of an administration of a decedent's estate, where there is no property involved except the rents arising from two lots of land which had been previously sold and conveyed by the widow and heirs at law of the decedent, the grantee in such conveyance, being the owner of the entire fund to be distributed, is entitled, upon his petition, to be made a party to such final settlement; and upon such facts being proven by the evidence introduced, he is entitled to a decree in his favor for the entire fund to be distributed.

[Spear v. Banks.]

2. *Same; when heirs of decedent have no distributive share in fund on final settlement.*—Where the final settlement of an administration relates only to the rents arising from land which had been previously sold by the widow and heirs at law of the decedent, none of the heirs or distributees of said decedent are entitled to a distributive share in such fund.

3. *Same; administrator can not be refunded money paid on judgment recovered against him for devastavit.*—Where an administrator in chief pays a judgment rendered against him and the sureties on his bond, as for a devastavit, upon the final settlement by the administrator *de bonis non* of his administration of said estate, said administrator in chief is not entitled to be reimbursed the amount so paid in settlement of said judgment.

APPEAL from the Probate Court of Walker county.

Tried before the Hon. JAMES W. SHEPHERD.

On the 20th of July, 1886, letters of administration on the estate of M. D. Burchfield, deceased, were issued to S. R. Burchfield, one of his sons and heirs at law by the probate court of Walker county, who entered upon the discharge of his duties as such.

At the time of the death of said M. D. Burchfield, a suit was pending against him in the circuit court of said county by Solomon & Levi, which was revived against said S. R. Burchfield, as administrator of his intestate, and in February, 1888, a judgment was obtained against him as such administrator in favor of the plaintiffs for $220 and costs of suit; and two other judgments were obtained against him as such administrator in favor of Hayes & Gaines, aggregating $125 on notes executed by intestate in his lifetime, which had been duly presented as claims against his estate. It appeared, that on said judgments so obtained against said S. R. Burchfield as such administrator, executions were issued and returned no property found; that, thereupon, suits were brought against the sureties on the administration bond of said S. R. Burchfield, by said Soloman & Levi, and Hayes & Gaines on said judgments, alleging a devastavit by him as administrator, in that he had received as such administrator $1,000 of the goods and chattels belonging to the estate of his intestate, which he had wasted, and judg-

ments were obtained in said suits, in the first, for $229.50 and costs, and in the other for $140.70 and costs; the principal and accrued interest being over $500.

It was shown, that on the 2d of November, 1891, S. R. Burchfield resigned his administration, and John Spear was appointed administrator *de bonis non* of the estate of deceased by the probate court of said county of Walker; that before the resignation of said S. R. Burchfield, as such administrator, at his instance these judgments had been paid by his sureties, and to secure them, he had given to them a mortgage on some of his own lands, but this mortgage was not paid off until after an ejectment suit brought against Wm. Banks, the appellee, by John Spear for certain lands that belonged to the estate of deceased, was tried, at which time they were paid by said Burchfield.

On the 27th of December, 1891, one B. M. Long recovered against said John Spear, as such administrator *de bonis non,* a judgment on a bond executed by his intestate, M. D. Burchfield, in his lifetime, which had been duly filed as a claim against his estate, which judgment was, for value, duly transferred to and owned by the appellee, Wm. Banks.

On July 2, 1888, the minor children of said B. M. Burchfield having become of age, Artemissa Burchfield, the widow of said deceased, and all his children and heirs at law, including said S. R. Burchfield, for the consideration of $2,500 to them paid, sold and conveyed by deed with covenants of warranty to said Wm. Banks, lots 7 and 8 according to the map of the town of Jasper in said county of Walker.

On November 9, 1891, John Spear as such administrator *de bonis non,* brought suit in ejectment against said Wm. Banks, the appellee, in the circuit court of Walker county, to recover the possession of said lots, and judgment was rendered in his favor for said lots, without damages, and said Spear as administrator, was put in possession of said lots by writ of possession issued on said judgment in said ejectment suit, and held possession and collected rents therefrom, which were the only

money or assets that ever came into the hands of said administrator, Spear. It was shown, also, that no claims against the estate of deceased, except the two judgments above mentioned which had been paid off by the sureties of said S. R. Burchfield as administrator in chief, and the one recovered by said Long, and which Long transferred to said Banks, had ever been presented against said estate.

On the 15th of October, 1898, the said Spear, as administrator *de bonis non,* filed his account and vouchers in the probate court of said county of Walker, for a final settlement of his administration on said estate in which account he charged himself with $737, the amount of rents received by him from said lots, which with the interest with which he was charged, amounting to $70, made the sum of $807, and credited himself with $283.35, amounts paid out by him as per vouchers from 1 to 10 inclusive, leaving in his hands for distribution, the sum of $523.65.

On the 14th of November, 1898, the said William Banks filed his petition in said probate court, praying to be made a party to the settlement of said estate by said Spear as administrator *de bonis non,* with full power to take all steps necessary, as he might be advised, to protect his interest.

In this petition he set up the fact of the appointment of S. R. Burchfield as administrator in chief of M. D. Burchfield; that there came into his hands as administrator goods and effects, money and property of deceased, sufficient to pay off and discharge the debts of the deceased; that he had purchased from the children and heirs of deceased said lots 7 and 8 in the town of Jasper which belonged to the deceased in his lifetime, for which he had paid them $2,500—$500 of which was received by said S. R. Burchfield—and that they had executed to him a deed to the property, a copy of which was attached to the petition; that after said Spear was appointed administrator *de bonis non* of said estate, he recovered said lots from petitioner, and thereafter collected the said rents from tenants of the lots, and had used a part of the prop-

erty himself, which was reasonably worth $25, and that no other assets came to his hands. The petition averred, that the money received from the rent of the land was the property of petitioner, which, together with the value of the rent of the part of the property used by said Spear, was justly due to petitioner.

S. R. Burchfield and John Spear as such administrator, each objected to the filing of the petition on the same grounds: 1st, That the said Wm. Banks is neither an heir, distributee nor legatee of said estate, nor the owner of an integral portion of said estate. 2d. Because the said petition fails to show, that the said Wm. Banks is the owner of an integral share of said estate of M. D. Burchfield, deceased. 3d. Because the said petition failed to show any right on the part of Wm. Banks to intervene on this settlement of the said estate. 4th. Because the court had no jurisdiction of the claim of Wm. Banks set forth in said petition. They each moved to strike and demurred to the petition on the same grounds, which objections, motions and demurrers were severally overruled.

Wm. Banks filed his several objections to the allowance of said credits to the administrator, which are unnecessary to be noted. The court overruled his objections, and allowed the credits.

Said Banks, admitted as a party, moved the court to order and decree that the money which had been received by the administrator, be paid to him as the owner by assignment of all the interests of the heirs of said deceased therein, and the court in its decree so ordered.

S. R. Burchfield and Nathan Burchfield moved the court for judgments in their favor respectively for $100, as the amount due each, on settlement as an heir or distributee of said estate; and S. R. Burchfield, also moved for a judgment against the administrator for the sum of $500, the amount due him, as claimed, for moneys advanced by him, or at his instance and request, to pay the debts due Hayes & Gaines and Soloman & Levi by the estate of deceased, which motions were severally overruled, and said S. R. and Nathan Burchfield, separately excepted.

The account of the administrator was passed and allowed as stated, showing a balance in his hands, accruing from the rents of said property, of $523.65, for which judgment was rendered in favor of said Banks. From this judgment, John Spear, S. R. Burchfield and Nathan Burchfield appeal; and separately assign as errors the several rulings of the probate court.

COLEMAN & BANKHEAD, for appellants.—The purchaser of lands belonging to an estate can neither intervene nor have a judgment rendered in his favor on the final settlement of an estate; but in order to do so he must be the owner of an integral share in the estate. *Simmons v. Knight,* 35 Ala. 105; *Petty v. Wofford,* 11 Ala. 143; *Loveless v. Hall,* 20 Ala. 177.

If an administrator in chief does not protect himself by satisfying judgment or other liabilities against himself as such before making final settlement of his administration, but afterwards discharges them from his own estate he will be compelled to bear the loss. His successor in office may reimburse him and if the assets are ample, may be compelled to do so.—*Hearrin v. Savage,* 16 Ala. 286.

NORVELL & SMITH & SMITH, *contra.*—The administrator could, after eighteen months, adjudge whether or not he needed the land for administration purposes; and joining the other heirs in a sale thereof to William Banks the appellee, he, upon the plainest principles of the law of estoppel, cannot recover the rents of the land to reimburse him for money paid on judgments. He individually received about enough money from appellee to pay all the debts and cost of administration, and besides, he admits receiving near three hundred ($300.00) dollars of other assets; and the judgments established a devastavit against him and bondsmen.—*Brag v. Morris,* 38 Ala. 89; *Banks v. Spears,* 103 Ala. 447; Herman on Estoppel and *Res Judicata,* § § 127; 657. As S. R. Burchfield and the other heirs conveyed the land to William Banks, if they perfected the title by paying the debts the title per-

fected enures to Banks.—*Chapman v. Abraham*, 61 Ala. 114.

It has been held that, if the assignee of the heirs owns an *integral* part, the probate court can decree it to him; and we submit in this case Banks owns the entire fund.—*Simmons v. Knight*, 35 Ala. 105; *Petty v. Wofford*, 11 Ala. 105; *Graham v. Abercrombie*, 8 Ala. 552; *McNeil v. McNeil*, 36 Ala. 107; *Appling v. Bailey*, 44 Ala. 333; *Thornton v. Moore*, 61 Ala. 307.

HARALSON, J.—1. The evidence in this case shows, that the final settlement of the administrator related to no other property except to the rents of the two lots of land, Nos. 7 and 8 in the town of Jasper—which the widow and heirs at law of M. D. Burchfield, deceased, who owned the property at his death had sold and conveyed, with covenants of warranty to Wm. Banks, on the 2d of July, 1888. S. R. Burchfield, one of the children and heirs at law, was, at the time of said sale of said lots to said Banks, the administrator in chief of his father's estate, and he individually joined in said conveyance; each of the heirs receiving from said Banks, as his share of the purchase money arising from the sale of said lands by them to him, the sum of $500. The settlement was a final one of the estate of said deceased by Spear, as administrator *de bonis non* of said estate, and it does not appear, that the deceased owned any other property at his death except the two lots of land referred to and a small amount of personal property. It does reasonably appear, that this was all the land he owned at his death, and it is certain, that the rents therefrom constituted the entire estate which entered into said final settlement and distribution. That Wm. Banks became the entire and absolute owner of these lots of land from the 2d day of July, 1888—the date of his purchase of them—under and by virtue of his deed of that date—more than three years before Spear was appointed administrator *de bonis non* of the estate of the deceased—was not questioned, and that these lots themselves had anything to do with the settlement and distribution is

not pretended. It does appear that Spear, after he became the administrator of said estate, under his statutory right to claim the land for the purposes of administration in the payment of debts, and on the pretense of there being debts owing by the estate, sued Banks in an action of ejectment and recovered the property from him, and afterwards rented them out. If not needed for the purpose of paying debts of the estate, his right of possession, of course, failed.—*Banks v. Spear,* 97 Ala. 560.

The Code, section 211, provides that "Any person interested may appear and contest any item of the account," etc., and section 229 provides, that on final settlement of an estate, the court may make such orders of distribution as are necessary. It was early decided in this court, that the assignee of an integral or entire share of an estate is entitled, on the final settlement of an administration in the orphans' (now probate) court, to a decree in his own name for the distributive share assigned to him, which doctrine seems to have been since adhered to.—*Graham v. Abercrombie,* 8 Ala. 105; *Smith v. Hall,* 20 Ala. 777; *Simmons v. Knight,* 35 Ala. 105; *Vincent v. Daniel,* 59 Ala. 602, 606. Banks in this case, as appears from his petition, was entitled, not only to an integral share in the estate distributed, but to the entire shares of all the distributees; or, in other words, that he was the owner of the entire fund to be distributed, as the assignee thereof of all the distributees of the estate. The court, therefore, committed no error in admitting him as a party to said final settlement, and in decreeing in his favor for the entire fund to be distributed, if the proofs showed he was entitled thereto. The motion to strike the petition and the demurrers thereto were properly overruled.

2. There was no error in the ruling of the court denying to S. R. and Nathaniel Burchfield, a distributive share each, in the fund remaining in the hands of the administrator for distribution. This fund having arisen from the property they had sold to Banks, and which he owned under their deed to him, joined in by the other distributees, it is difficult to see, and it has not been

shown, how they had, or were entitled to any interest in
it.

3. It is equally difficult to understand on what prin-
ciple, S. R. Burchfield can be entitled to the $500 he says
he paid out for the estate, and for which he claims re-im-
bursement out of this fund. The proof shows, that at the
time his intestate died, there was pending in the circuit
court of Walker county, a suit against him by Solomon
& Levi, which was revived against said S. R. Burchfield
as administrator in chief, in which case judgment was
obtained against him as such administrator, for $220
and costs, and that two other judgments were, by Hayes
& Gaines, duly obtained in said circuit court against
him as such administrator, aggregating $125, on notes
executed to plaintiffs by said intestate; that afterwards,
executions issued on these judgments against said ad-
ministrator, and were returned no property found, and
thereupon, suits were brought against the sureties on the
administration bond of said S. R. Burchfield by the
plaintiffs in said judgments, alleging a devastavit by him
as administrator, in that he had received goods and
chattels of the value of $1,000 belonging to the estate of
his said intestate, which he as administrator had wasted,
and judgments were obtained against the defendants in
said suits—one for $299.50 and the other for $140.70, in-
cluding the principal and accrued interest on said judg-
ments.    These facts we held, in another suit between
these parties, in respect to an application of said Spear
as administrator to have these lots of lands sold to pay
debts of his intestate, were conclusive against said ad-
ministrator and the sureties on his administration bond,
of a devastavit by the administration.—*Banks v. Spears,*
103 Ala. 436, and authorities there cited.  Now, the proof
shows, that the judgment obtained by B. M. Long against
Spear as administrator *de bonis non* of said estate was,
for value, transferred to said Banks and was owned by
him.    This left but two other debts against said estate,
namely, the judgments in favor of Solomon & Levi and
Hayes & Gaines, and Spear swore that these were all the
debts that had been presented against said estate.

These two judgments, to recover which the sureties of said S. R. Burchfield had been sued as for a devastavit of their principal, and in which suits, judgments were obtained against them, were, after the latter judgments were obtained, as the proof shows, paid by said sureties, and to indemnify them, said S. R. Burchfield gave them a mortgage on some lands of his, and after said' judgment in ejectment by said Spear, as administrator, for the two lots sold to Banks by the heirs and distributees of their deceased owner, had been recovered against said Banks, the said S. R. Burchfield paid his sureties for the amounts they had been compelled to pay for him. When these two judgments were in this way paid by the sureties of S. R. Burchfield, there remained no indebtedness of said estate. It had all been paid, and said lots, sold and conveyed to Banks by all' the distributees of the estate of said M. D. Burchfield, became his, by virtue of said conveyance, disembarrassed by any resort to them thereafter. by the administrator to pay debts. In paying off those judgments, S. R. Burchfield was merely replacing money which he had wasted or converted to his own use, and which it was his legal obligation to restore, leaving his intestate's estate just where it would have stood in the beginning, if he had not wasted its assets, but had applied them in payment of said debts. In refunding said money to his sureties, therefore, he was out nothing, and no one owed him anything for what he did. How is it then, he can claim of property belonging to Banks, the $500 he wasted and afterwards restored? Much more, how can he claim this amount out of rents of property he had sold and conveyed to Banks with covenants of warranty as to title—all the rents having accrued and been collected since he conveyed the property to him? There is wanting every element of merit in the claim, and the court committed no error in disallowing it.

Finding no error in the proceedings below, the decree of the probate court is affirmed.

Affirmed.