**CONNECTICUT GENERAL LIFE INS. CO.
v. COCHRAN et al.
COCHRAN v. MONARCH LOAN CO. et al.**

Nos. 14116, 14164—Opinion Filed July 10, 1923.

Rehearing Denied Sept. 18, 1923.

(Syllabus.)

**1. Insane Persons—Conveyances — Invalidity.**

Where a grantor in a deed is incapable of comprehending that the effect of the deed when executed and delivered would be to divest such grantor of title to the land described in such deed, said grantor is as to such deed entirely without understanding within the meaning of section 4981, Comp. Stat. 1921, and the deed is void and conveys no rights to the grantee or subsequent purchasers or incumbrancers in good faith.

**2. Subrogation—Extent of Right — Liens.**

A party who in order to protect his own rights in property is compelled to pay existing indebtedness against same is entitled to be subrogated to the rights of the creditor whose debts he paid, but is entitled to no greater rights; and where the debt paid is secured by mortgage on rents from land for certain years, the party paying the debt is not entitled to have a lien on the land to secure such debt.

Error from District Court, Love County; B. C. Logsdon, Judge.

Action by Vertis Cochran against the Connecticut General Life Insurance Company, the Monarch Loan Company, and others to cancel conveyances. From judgment for plaintiff, both the Life Insurance Company and plaintiff bring error. Affirmed in part and reversed in part.

Sigler & Jackson and Walden & Robertson, for plaintiff in error.

Moore & West, for Connecticut General Life Insurance Co.

COCHRAN, J. This action was commenced by Vertis Cochran for the cancellation of certain deeds executed by her to W. H. Cochran, and the cancellation of certain mortgages executed by W. H. Cochran to the Monarch Loan Company and assigned by it to the Connecticut General Life Insurance Company. The petition of the plaintiff alleged that she was totally devoid of understanding at the time of the execution of the deeds, and that said deeds and mortgages are void. The trial court found that Vertis Cochran was, at the time the deeds were executed, wholly incompetent and the deeds conveyed no interest or title to the lands therein described, and found that the infirmity in the title was either brought to the knowledge of the Monarch Loan Company and the Connecticut General Life Insurance Company, or they had sufficient notice by reason of the records to put them upon inquiry to ascertain whether or not Vertis Cochran was competent or incompetent at the date of the execution of the deeds. Judgment was rendered by the trial court canceling the deeds and mortgages, but adjudging that the Connecticut General Life Insurance Company was entitled to a lien on the said lands in the sum of $518.99 by reason of being subrogated to the rights of Carey, Lombard, Young & Company. The Connecticut General Life Insurance Company has appealed to this court from the judgment canceling its mortgage, and the plaintiff, Vertis Cochran, has appealed from the lien awarded the Connecticut General Life Insurance Company.

It is contended by the Connecticut General Life Insurance Company that there is no evidence in the record to support the finding of the trial court that the Connecticut General Life Insurance Company had knowledge of the infirmity in the deeds executed to W. H. Cochran, or that it had sufficient notice to put them upon inquiry to ascertain

whether or not Vertis Cochran was competent or incompetent, and that it, being the holder of a mortgage for valuable consideration and without notice of the infirmities in the deed and the trial court not having found that Vertis Cochran was entirely without understanding and her mental incapacity not having been judicially determined, the judgment of the trial court was contrary to the provisions of section 4982, Comp. Stat. 1921. Counsel for Vertis Cochran contend that the facts in this case bring the same within the provisions of section 4981, Comp. Stat. 1921, which provides:

"A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

While the trial court found that Vertis Cochran was wholly incompetent, there was no finding as to whether she was or was not entirely without understanding. If upon an examination of the record it appears that the clear weight of the evidence shows that Vertis Cochran was entirely without understanding at the time the deeds were executed to W. H. Cochran, it will then be unnecessary to examine the record to ascertain whether the finding of the trial court as to the notice had by the Connecticut General Life Insurance Company of the infirmities in the deeds is correct, or not. An examination of the facts disclosed by the record in this case convinces us that Vertis Cochran was entirely without understanding at the time the deeds were executed to W. H. Cochran within the meaning of section 4981, Comp. Stat. 1921, as construed by this court in Lucy Harris v. International Land Co., 89 Okla. 163, 213 Pac. 845, in which the court said:

"A person entirely without understanding has no power to make a contract of any kind, but is liable for the reasonable value of things furnished necessary to his support or the support of his family. The test of capacity to make a deed is, that the grantor shall have the ability to understand the nature and effect of the act in which such grantor is engaged, and the business which is being transacted, and when it is made to appear that the grantor was incapable of comprehending that the effect of a deed, when made, executed, and delivered, would be to divest such grantor of title to the land described in such deed, such a deed is void."

The evidence in this case shows that Vertis Cochran could neither read nor write and could talk very little; that, although she had gone to school, she was unable to learn to read or write or to spell simple words, such as "cat" or "dog," and was unable to count; and, although grown in years, her mind was that of a small child. We are of the opinion that under these facts the deeds executed by Vertis Cochran were void, and the mortgages executed by her grantee conveyed no interest to a mortgagee in good faith without notice.

It appears that during the minority of Vertis Cochran, W. H. Cochran, her father and guardian, executed a contract with Carey, Lombard, Young & Company, under which he purchased material for making improvements on the land in controversy, and mortgaged to the lumber company the rents on the land for several years to pay for the material. This contract was approved by the county court. After Vertis Cochran arrived at her majority and the deeds were executed to M. H. Cochran, her father, he executed a mortgage to the Monarch Loan Company, and the Monarch Loan Company paid the indebtedness represented by the contract of Carey, Lombard, Young & Company. The trial court held that the Connecticut General Life Insurance Company was subrogated to the rights of Carey, Lombard, Young & Company and declared a lien on the lands for the amount so paid. While it is true the loan company was entitled to be subrogated to the rights of Carey, Lombard, Young & Company, it appears from the record in this case that the lumber company never had any lien on the land, but elected to take as security for its indebtedness a lien on the rents from the land for certain years, and when the loan company became subrogated to the rights of the lumber company, it would have no better rights than the lumber company, viz., a mortgage on the rents from the land for the years named in the contract. The judgment awarding a lien on the lands for the amount paid on the indebtedness to Carey, Lombard, Young & Company is erroneous.

The judgment of the trial court canceling the deeds executed to W. H. Cochran and the mortgages to Monarch Loan Company and assignments thereof to Connecticut Life Insurance Company is affirmed, and that portion of the judgment decreeing a lien in favor of the Connecticut General Life Insurance Company for the sum of $518.99 is reversed, with directions to enter judgment for plaintiff quieting her title against all of the defendants and for such other relief as may be consistent with the views herein expressed.

JOHNSON, C. J., and KENNAMER, BRANSON, and MASON, JJ., concur.