Willard W. MOORE, Appellant,

v.

Raymond R. WHITE, Appellee.

No. 51481.

Supreme Court of Oklahoma.

Nov. 27, 1979.

Carl Michael Smith, Oklahoma City, for appellant.

Luttrell, Pendarvis & Rawlinson, Norman, for appellee.

SIMMS, Justice:

This appeal arises from the sustention of summary judgment in favor of a signatory to a defaulted corporate note of indebtedness as against an action by a limited continuing guarantor of the note, who was obligated to pay the obligated note under his guaranty agreement.

The Court of Appeals reversed the judgment of the trial court sustaining motion for summary judgment in favor of the signatory, who was an officer of the corporation. We Grant Certiorari, vacate the opinion of the Court of Appeals and sustain the judgment of the trial court.

The facts essential to resolution of this appeal are as follows. Skills Development of Oklahoma, Inc. (Skills) was organized in Oklahoma and articles of incorporation were finalized on December 31, 1971. The shareholders of Skills convened an organizational meeting on January 26, 1972, at which time both Appellant Moore and Appellee White were elected corporate directors. On the same day, an organizational meeting of directors was convened. Moore was elected a corporate vice-president and White elected as secretary-treasurer. The directors adopted a resolution providing that Skills could not borrow money without the signatures of the president of the corporation, and one member of the Board of Directors.

In June of 1972, appellant executed a guaranty agreement with American Exchange Bank of Norman, Oklahoma, (Bank) which provided that Moore would guarantee 20% of whatever amounts the Bank should loan Skills, so long as Moore's maximum liability did not exceed $50,000.

Between November 1974, and January 1976, a series of notes were executed and delivered to the Bank bearing signature in the following form:

"Skills Development of Oklahoma, Inc.
"/s/ G. A. Porter
"/s/ Raymond R. White"

The signatures were intended to conform to the requirement of the resolution at the first director's organizational meeting.[1]

When Skills defaulted on these notes, the Bank brought an action in the District Court of Cleveland County against Skills, Moore, and other guarantors.[2]

Moore impleaded White as a third party defendant, alleging White was an individual co-maker of the notes and was principally obligated for any sums Moore might be required to pay the Bank under the guaranty agreement.

The trial court entered judgment in Bank's favor against Moore on the guaranty agreement. Thereafter, Moore amended his cross-petition against White to allege the judgment and prayed he be granted a $12,500 judgment against White. White filed his motion for summary judgment to which was attached the affidavit of J. Ronald Wilhite, President of the Bank. Wilhite's affidavit declared the parties to the notes never intended that White's signature should evidence any personal liability and

---

1. G. A. Porter was one of the incorporators of Skills and was elected president at the first organizational meeting of directors. He continued as president throughout the period in question.

2. Two other Directors of Skills executed guaranty agreements which are not relevant to this appeal.

the Bank secured guaranty agreements from all parties who were to be personally liable. Moore moved to strike Wilhite's affidavit as being in violation of the parol evidence rule.

After denying Moore's motion to strike, the trial court granted White's motion for summary judgment. The Court of Appeals, relying on 12A O.S.1971, § 3–403(2)(b) held that Moore was not an immediate party within the framework of the statute and parol evidence was inadmissible to show that White signed the notes in his representative capacity.

## I.

The Court of Appeals analyzed the issue in this appeal to be: "Whether a guarantor of notes, executing guaranty agreements in 1972, is an 'immediate' party to notes executed in 1974 and 1975."

12A O.S.1971, § 3–403(2) provides:

"(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity."

■ After examining legal authority, the Court of Appeals concluded that "a guarantor of an instrument is not an immediate party merely because of his status as guarantor." We have no quarrel with this general principle of law, however, the Court of Appeals was overly broad in its statement of the issue and consequently, too narrow in its examination of the facts surrounding this particular transaction.

The question, more narrowly framed, is whether a co-director and officer of a corporation who executes a guaranty agreement separate from the principal obligation becomes an "immediate party" within the meaning of § 403 when default is made by the principal obligor, judgment is obtained on the guaranty agreement, and the guarantor, in turn, seeks to recover from a signatory on the note.

## II.

Since Moore, in his action against White, is not claiming reimbursement by virtue of any contract between himself and White, any remedy he might have must be found in the general law of guarantor-principal.

■ The rights of a guarantor in this context are not distinguishable from those of a surety. There exists but a technical difference between a surety and a guarantor. *Central Surety and Insurance Corporation v. Richardson, 183 Okl. 38, 80 P.2d 663 (1938).* 12A O.S.1971, § 1–201(40) provides: "'Surety' includes guarantor." A surety acquires rights against the principal upon payment of the debt through the equitable doctrine of subrogation. *Maryland Cas. Co. v. King, Okl., 381 P.2d 153 (1963).* See: 15 O.S.1971, § 382. Upon payment of the principal's debt, the surety become subrogated to the rights of the creditor, but cannot claim greater rights than were possessed by the creditor. *Connecticut General Life Ins. Co. v. Cochran, 95 Okl. 111, 218 P. 313 (1923).*

■ Applying the foregoing rules to the present case, Moore as guarantor is subrogated to the rights of the Bank, but his right of subrogation is limited to claims which might be made by the Bank. It was held in *Hartford Acc. & Indem. Co. v. First Nat. Bank & Trust Co. of Tulsa, 10 Cir., 287 F.2d 69 (1961)* that a party who has the equitable right to step into the shoes of another in respect to rights against a third party, is subject to all legal and equitable defenses which the third party may have against the party into whose shoes subrogee steps.

 No argument is made that Bank and White were not immediate parties and parol evidence could be used as between the Bank and White to establish White's true capacity in affixing his signature to the notes. Likewise, parol evidence was admissible in White's defense to an action by Moore predicated on Moore's right of subrogation.

 We find the trial court correctly denied the motion by Moore to strike the affidavit of an officer of the Bank bearing on the issue of White's representative capacity in signing the notes, and that the summary judgment in favor of White was correct in that no counter-affidavits were offered to contradict the fact that White signed the notes as a representative of Skills.

CERTIORARI GRANTED. COURT OF APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

All the Justices concur.