## REA v. LEWIS.

No. 3613.   Opinion Filed March 24, 1914.

(139 Pac. 977)

1.   **CANCELLATION OF INSTRUMENTS—Sufficiency of Evidence.** The finding of facts by the trial court is amply supported by the evidence.

2.   **SAME—Conclusions of Law.** The court's conclusions of law are correct as applied to the finding of facts.

3.   **CANCELLATION OF INSTRUMENTS—Conditions Precedent— Return of Consideration.** L. and R. entered into a written contract by which L. was to trade R. certain lands and $2,100 for a stock of drugs, etc. L. delivered a deed to one tract of the land, and paid R. $1,000 in money, and took possession of the goods, and while running the store, and perfecting title to the other lands, R fraudulently obtained the possession of the stock of goods, and refused to further proceed with the trade. L. sued for rescission of the contract, cancellation of his deeds, and a return of the money he had paid. L. did not, however, offer in his petition to restore to R. a small amount of money received by him on the sale of goods while in possession of the store. **Held** that, as R. had in his hands moneys paid by L. on the contract far in excess of the money he had received, it was not vitally necessary that an offer to restore be stated in the petition.

(Syllabus by Brewer, C.)

*Error from District Court, Pontotoc County;*
*S. H. Russell, Assigned Judge.*

Action by J. A. Lewis against W. C. Rea for rescission of contract, cancellation of deeds, and damages to cover payments made. Judgment for plaintiff, and defendant brings error. Affirmed, with directions to enter *remittitur*.

*Bullock & Kerr,* for plaintiff in error.

*George M. Nicholson* and *Emanuel & Broadbent,* for defendant in error.

Opinion by BREWER, C. On November 23, 1909, the parties to this suit entered into a written contract which was modified by a supplemental contract entered into December 1, 1909. The contracts, construed as a whole, provided, in substance and in brief, that Rea should sell his stock of drugs, sundries, and fixtures to Lewis, and that he was to receive from Lewis as consideration a two-fifths interest in about 210 acres of land, and the title to 119 acres of land, subject to a mortgage thereon, and also the sum of $2,100, and some other minor payments.

The evidence shows that the deed to the 119 acres of land was executed and delivered, and that to the two-fifths interest in the 210-acre tract was executed; but it seems there was some hitch in clearing the title of a record incumbrance. Lewis paid Rea $1,000 in cash of the $2,100 agreed to be paid, and on December 1, 1909, went into possession of the stock of drugs, continuing the business in Rea's name, and keeping Rea in the store, pending the clearing up of the objections to the title to the 210-acre tract of land and the payment of the balance of the money agreed upon. About December 21, 1909, Rea obtained from Lewis the keys to the store on the pretext that he wanted to get some diamonds out of the safe he had been holding there for others. After getting the keys, he assumed full possession and control of the store, and refused to surrender same back to Lewis. While Lewis was gone to Dallas to clear up the title in question between them, Rea purchased another stock of drugs, and moved them into the store in dispute. Lewis then brought suit for a rescission of the contract, a cancellation of the deeds he had executed, and for damages to cover the payments he had made. The cause was tried to the court, which found on all points in favor of Lewis, and entered a decree in his favor, rescinding the contract, canceling the deeds, and awarding judgment in the sum of $643.44, which represented the payment of $1,000 made in cash, less cash received on the sale of goods by Lewis while in possession of the store. From this finding and decree, Rea, as plaintiff in error, appeals, and urges here (1) that the findings of fact are not supported by the evidence; (2)

that the conclusions of law are not supported by the findings of fact; (3) the judgment is contrary to law.

The following, among others, are specific findings of fact made by the court:

"Third. That plaintiff conveyed to the defendant the 119-acre tract of land referred to, and executed and delivered to Bullock & Kerr, attorneys for said defendant, for said defendant, deeds conveying the said two-fifths interest in the 210-acre tract referred to; that said plaintiff was proceeding with due diligence, and in good faith, to procure the necessary instruments to make the title to said land perfect, and had paid said defendant on said sum of $2,100 two payments of $500 each a few days apart, which payments were accepted by said defendant without objection or comment on his part."

"Sixth. The court further finds that said defendant fraudulently obtained possession of the keys to said store, and that his actions in repossessing himself of said stock of goods and fixtures was arbitrary, inequitable, unlawful, and done without regard to the right of this plaintiff, and in violation of the contract hereinbefore mentioned, and without any offer to restore the *status quo*."

"Eighth. The court further finds that said defendant is guilty of a breach of said contracts, and that said breach was in no manner · occasioned by the acts of said plaintiff, and that said plaintiff was using every effort upon his part to comply with the terms of said contract."

1. Under the objection first mentioned plaintiff in error claims that the court erred in finding that "said defendant [Rea], immediately upon obtaining possession of said keys, * * * intermingled other stocks of merchandise with the stock in question."

On this point the evidence shows that the defendant, within three or four days after getting possession and control of the store, and in the absence of plaintiff, moved part of another stock of goods into the store, and gave that fact as a reason for not going on with the contract. It is testified that he said, "I have got some of this other stock in here now, and I will not consider it further."

If this was a sufficient excuse or any reason for calling the deal off, it must have been because one stock had been more or

less mixed or confused with the other; in fact, however, whether or not the goods were intermingled is not important.

It is also urged that the finding of the court that defendant fraudulently obtained possession of the keys, etc., as set out in the sixth finding is not supported by evidence. On this point it is shown that Rea asked and obtained the keys from Lewis, under the claim that he had some special cause for entering the store, and then refused to return them, and took and held the physical possession of the building and goods against the protests of Lewis, and proceeded to continue and conduct the business. It seems very clear to us that the finding of fact is based on evidence; the keys, and thereby the possession of the property, were obtained by deceit and subterfuge, without any attempt at rescission of the contract, and at a time when Lewis was proceeding to comply with his contract.

2. The conclusions of law were justified under and fully sustained by the findings of fact.

3. The next and final point is made that the judgment of the court is contrary to law. This point is based, as we construe the brief, on the failure of Lewis to have offered to restore to Rea the proceeds of the sale of the goods while in possession of the stock, and also the value of two watches taken out of stock by him. It is true the petition makes no such formal offer to surrender these funds; but, under the petition and all the proof, Rea had in his possession the $1,000 paid him under the contract, which was largely in excess of the amount of goods sold, and as a matter of fact the court restored to Rea the proceeds of the sales by deducting same from the $1,000 in the decree. The technical oversight of failing to make this offer in the petition was caused by the evidence and the decree, and Rea has no right to complain of the matter. As to the two watches, of the total value of $45, we think under the evidence that Rea should have been credited with this sum. The chances are the court overlooked this comparatively important item. The defendant in error should enter a *remittitur* in this court of $45, and upon doing so the cause should be affirmed.

By the Court: It is so ordered.