## LONG et al. Guardians, v. ANDERSON, Adm'r., et al.

No. 9523—Opinion Filed Jan. 13, 1920.

(Syllabus by the Court.)

**1. Insane Persons — Contracts — Deeds — Mental Incapacity to Execute.**

Under section 888, Rev. Laws 1910, a person entirely without understanding has no power to make a contract of any kind, and is only liable for the reasonable value of things furnished him for his support or the support of his family. Under this section the test of the capacity to make a deed is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting; and where it is made to appear that such grantor was incapable of comprehending that the effect of the deed when made, executed, and delivered, would be to divest him of the title to the land set forth in the deed, the same is void.

**2. Same—Idiots—"Entirely Without Understanding."**

Where it is shown that the grantor executing a deed has been an idiot all his life, has never transacted any business of any character, cannot read or write, or understand the simplest matters, he is "entirely without understanding" within the meaning of section 888, Rev. Laws 1910.

**3. Appeal and Error—Review of Equity Case.**

In a case of purely equitable cognizance, it is the duty of this court to review the entire record, and if it appears that the judgment of the court below is contrary to the weight of the evidence, reverse the cause and render, or cause to be rendered, such

judgment as should have been entered at the trial.

Error from District Court, Custer County; Frank Mathews, Assigned Judge.

Action on behalf of Fred Long, an incompetent, by his guardians, Frank Long and George Long, against John F. Anderson, administrator of the estate of Frank Long, Sr., deceased, Union Central Life Insurance Co., and others, to cancel deed and mortgages. From judgment in favor of defendant mortgagees, plaintiffs bring error. Reversed and remanded with directions.

Webster & Webster, for plaintiffs in error.

Henry Bulow, for defendants in error D. Montgomery and C. L. Montgomery.

RAINEY, J. This is an action instituted on behalf of Fred Long, an incompetent, by his guardians, Frank Long and George Long, against John H. Anderson, administrator of the estate of Frank Long, Sr., deceased, the Union Central Life Ins. Co., a corporation, D. Montgomery, C. L. Montgomery, John Long, Annie Long, Christana Long, and Anton Huber, Jr., to cancel a certain deed purporting to have been executed by Fred Long to Frank Long, Sr., and mortgages executed by Frank Long, Sr., to the Union Central Life Ins. Co., D. Montgomery and C. L. Montgomery.

The plaintiffs base their right to cancellation of said deed upon the alleged ground that Fred Long was an incompetent person on the date he is said to have conveyed the land in controversy to his father, Frank Long, Sr. and that he was wholly without understanding and without sufficient mental capacity to understand the nature of said transaction, although he had not been judicially declared to be an incompetent. The defense of the mortgagees is, in effect, a denial of the incompetency of the grantor in said deed, and that they are innocent incumbrancers for value. After a trial to the court without a jury, the court found, first, that Fred Long was an idiot on July 1, 1910, the date of his deed to his father, but that at said time he was not entirely without understanding as to the nature of the transaction; and, second, that the mortgagees had no notice of any fraud in the transaction, or of the disability of the said Fred Long, and that they were innocent incumbrancers for value. The court refused to cancel the deed and mortgages, and rendered judgment for the mortgagee defendants, foreclosing their mortgages as prayed for by them in their cross-petitions. It is to reverse this judgment that the plaintiffs have appealed, contending that the findings of fact by the trial court are clearly against the weight of the evidence.

As to whether the mortgagees had notice of facts sufficient to put them upon inquiry which, if pursued, would have disclosed Fred Long's mental incapacity, the case presented by the record is one of some difficulty; but it will be unnecessary for us to allude to or discuss the evidence on this phase of the case, since, under the law and the evidence hereinafter referred to, we are satisfied that the deed purporting to have been executed by Fred Long to his father is absolutely void, and, therefore, it is immaterial whether the mortgagees are innocent incumbrancers, as they acquired no rights whatever under said mortgages.

The land in controversy was patented to Fred Long under the homestead laws by the United States government, and on July 1, 1910, he was taken by his father, Frank Long, Sr., to the office of one George S. Baird, a notary public, where there was presented to him a deed already prepared conveying the land to the said Frank Long, Sr., Fred's name and mark were affixed to the deed by Baird, who did not read or explain its contents to him; neither did Baird ask him whether he understood the nature of the transaction. All Baird was able to testify to in this respect was that Frank Long, Sr., said something to Fred in German and that Fred then touched the pen. No consideration whatever was paid by Frank Long, Sr., for the land.

No useful purpose would be subserved by relating the distressing details of Fred Long's pitiful condition. At the time of the transaction assailed he was 39 years of age, and 17 witnesses, including four physicians, testified, in substance, that he was and had been from infancy an idiot, wholly without mind and incapable of understanding any business transaction. He could not count, read, or write; did not know the value of money or how to buy or sell anything, and he was unable to carry on an intelligent conversation either in English or German. He was so physically deformed that it was repulsive to look upon his face. He could do some things in a crude way, but could not intelligently attend to the simplest matters on the farm where he resided, and he could only perform common labor by being directed when and where to work. The evidence discloses that he did not have sufficient mental capacity to comprehend the time of day, for when sent to work in the morning he would not quit at noon or in the afternoon without someone stopping him. If directed to plow, and the cultivator was set the wrong way, he would plow that way, and if directed to hitch certain horses by name, he would likely hitch other horses. From a careful consideration of the evidence in the record,

we can come to no other conclusion than that his understanding and intelligence was not greater than that of a very small infant, and that he had no comprehension whatever of any business transaction.

Under section 889, Rev. Laws 1910, a conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts, and the trial court doubtless thought the case presented by the record was governed by the provisions of this section, and if the court did not err in finding that Fred Long was not entirely without understanding as to the nature of the transaction, the judgment is correct. The plaintiffs' evidence, however, was not contradicted, the defendants offering no evidence whatever as to the mental capacity of the grantor, and, as above stated, we are of the opinion that he was without mental capacity to execute the deed. Therefore, the applicable provision of the statutes to the facts of this case is section 888, which provides that a person entirely without understanding has no power to make a contract of any kind, and under which such person is only liable for the reasonable value of things furnished to him for his support or the support of his family. The words "entirely without understanding" in this section, in our opinion, have reference to the nature of the contract assailed. In order to render a deed void under this section on the ground of insufficient mental capacity, it must be shown that the grantor not only did not understand the nature of the transaction, but also that he was without sufficient mental capacity to understand it. While this particular section was not mentioned, we think the rule announced in Miller v. Folsom, 49 Okla. 74, 149 Pac. 1183, announces the just and correct rule to be applied in determining the competency of a grantor to execute a deed. It was there held that the test to be applied in such circumstances is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting, and that in order to invalidate the deed it must be shown that the grantor was incapable of comprehending that the effect of the deed, when made, executed, and delivered, would be to divest him of the title to the land set forth in the deed.

If the rule of law announced in section 888, supra, is not applicable to the case before us, it would be extremely difficult to imagine a case to which it would apply. The fact that the incompetent person is able

to eat, drink, walk, and to perform a few crude tasks is not sufficient to take the case out of the rule, where it is shown that said person is devoid of any understanding whatever as to the nature and effect of his act. Infants of very tender years are able to do all of these things, and more, yet their deeds are void, and the reason of the rule is as apparent in the one case as in the other.

Under the rule repeatedly announced by this court, in cases of equitable cognizance, where the judgment of the trial court is clearly against the weight of the evidence, it is our duty to render, or cause to be rendered, such judgment as the trial court should have rendered. This cause is therefore reversed and remanded, with directions to the trial court to set aside the judgment heretofore rendered foreclosing the mortgages in controversy, and to render judgment for the plaintiffs in accordance with the views herein expressed.

KANE, PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.