### DIETERLE et al. v. CLUM et al.

No. 19027. Opinion Filed March 6, 1928.

(Syllabus.)

1. **Cancellation of Instruments—Pleading Lack of Adequate Remedy at Law.**

In an action to cancel a deed, mortgage, lease or other incumbrance of real estate it is unnecessary to allege or prove lack of an adequate remedy at law, but the facts themselves should be pleaded from which that conclusion may be drawn.

2. **Appeal and Error—Review—Sufficiency of Evidence—Disposition of Equity Case.**

In cases of purely equitable cognizance it is the duty of this court to consider the whole record, to weigh the evidence, and when the judgment of the trial court is clearly against the weight of the evidence, to render or cause to be rendered such judgment as the trial court should have rendered.

Error from District Court, Rogers County; Wayne W. Bayless, Judge.

Action by the Rutland Trust Company against C. W. Dieterle and Ella H. Dieterle and Shirley L. Clum and L. F. Messman for foreclosure of real estate mortgage. C. W. Dieterle and Ella H. Dieterle filed a cross-petition against Shirley L. Clum and L. F. Messman. Clum and Messman filed their cross-petition against C. W. Dieterle and Ella H. Dieterle. Judgment for plaintiff, and from judgment in favor of Clum and Messman, C. W. Dieterle and Ella H. Dieterle appeal. Affirmed in part and reversed in part.

Frank Ertel, for plaintiffs in error.

Dyer & Smith, for defendants in error.

PHELPS, J. C. W. Dieterle and Ella H. Dieterle were the owners of 280 acres of land located in Rogers county, Okla., against which the Rutland Trust Company held a mortgage aggregating $5,300 and accrued interest. The Deming Investment Company also held a judgment against said property for something over $900. There were also some delinquent taxes against it. S. M. Green held an oil and gas mining lease covering 80 acres of this land on which there were two small producing wells.

In order to refinance the loans against this property and to take care of the past-due indebtedness, plaintiffs in error executed to defendants in error their two promissory notes, one for $2,500 and one for $5,500, secured by mortgage against this land, with the verbal agreement and understanding that defendants in error should satisfy the indebtedness against the land and if the same did not amount to as much as the aggregate amount of the two notes, that the plaintiffs in error should be credited on the $2,500 note with the difference, and as an inducement for defendants in error to become interested in refinancing the loan plaintiffs in error executed and delivered to them an oil and gas mining lease covering the entire tract of land with the exception of the 80 acres covered by Green's lease, and also conveyed a one-half interest in the royalties of the entire tract.

Defendants in error paid to plaintiffs in error $100 cash and satisfied the claim of the Deming Investment Company, but failed and refused to in any manner satisfy the $5,300 mortgage held by the Rutland Trust Company, whereupon the Rutland Trust Company brought suit to foreclose the mortgage, making both plaintiffs in error and defendants in error parties defendant. Their

respective answers and cross-petitions having been filed, judgment was rendered in favor of the Rutland Trust Company for the amount of its claim and foreclosing its mortgage and, in obedience to the prayer of the cross-petition of plaintiffs in error, the court canceled the notes and mortgage given by plaintiffs in error to defendants in error and gave defendants in error judgment against plaintiffs in error for the amount paid out less the costs and attorney's fee in the foreclosure proceeding, which the court charged against the amount found to be due defendants in error. The court further rendered judgment in favor of defendants in error unholding their lease and royalty contract against the premises, and to reverse this part of the judgment plaintiffs in error prosecute this appeal.

It will thus be seen that the only question presented by this appeal is whether the lease and royalty contract held by defendants in, error should, as a matter of equity, be allowed to stand.

Plaintiffs in error pleaded that the contracts were obtained by fraud and insist that, as defendants in error had wholly failed to comply with their agreement, there was no consideration for the contract save and except the $100 payment, which they offered in their pleadings to return; while it is the contention of defendants in error that plaintiffs in error represented to them that there were no other incumbrances against this property, but that when they attempted to negotiate a loan they ascertained that there was an outstanding oil and gas lease covering this property which prevented them from negotiating the note and mortgage—however, it is contended on the other hand, by plaintiffs in error, that, while there was an old lease against this property shown of record, it was void because of the failure of the lessee to comply with its terms in developing the premises; that defendants in error knew of its existence, knew that it was void, entered into the contract with this knowledge, and never at any time complained to plaintiffs in error or gave them an opportunity to procure its release or cancellation. It appears from the record, however, that this old lease was afterwards canceled and released.

The trial judge did not specifically state that he refused to cancel these instruments as a matter of equity because the parties had an adequate remedy at law in a suit for damages, but from statements made in the record we assume this to be the theory upon which he found for defendants in error;

however, under the rule in this state, adequacy of a legal remedy does not necessarily preclude the aggrieved party from invoking equitable remedies. While plaintiffs in error pleaded that Clum and Messman, defendants in error, were strangers to them and resided a great distance away, and that they were insolvent and could not be made to respond in damages, these allegations and their establishment by proof were not a prerequisite to invoking the court's equitable jurisdiction.

In Mosier v. Walter, 17 Okla. 305, 87 Pac. 877, in the first and second paragraphs of the syllabus, this court said:

"In an action to cancel a deed, it is unnecessary to allege the lack of an adequate remedy at law, but the facts themselves should be pleaded from which that conclusion can be drawn.

"In such case, where the acts of the defendant pleaded are of such a nature as to create a reasonable belief that he has abandoned the contract involved, the vendor may rescind. * * *"

And in Garretson v. Witherspoon, 15 Okla. 473, 83 Pac. 415, in the second paragraph of the syllabus this court said:

"Where there is an entire want of consideration for a note and mortgage, and the mortgage as recorded constitutes a cloud upon the title to real property, and the facts proved tend to taint the transaction with fraud, held, that such condition is sufficient occasion for invoking the equitable remedy of cancellation; and further, that under such circumstances, a court will exercise its equitable jurisdiction to order a surrender of the note, and decree cancellation of the mortgage, irrespective of any question of other remedies at law."

Under the court's findings the only possible consideration for the lease contract and royalty grant was the $100 paid to plaintiffs in error, which, considering the fact that 80 acres of this land already had two producing oil wells on it and the proximity of the remainder to oil production, was insignificant, and besides, at the first opportunity in their pleadings and throughout the record, plaintiffs in error offered to return this $100, although it was not incumbent upon them to do so.

In Helm v. Rone, 43 Okla. 137, 141 Pac. 678, this court said:

"Where a vendee pays money in part performance of an executory contract of sale and fails to perform it, he cannot recover of the vendor the money so paid."

To the same effect is the holding in Rea v. Lewis, 41 Okla. 708, 139 Pac. 977, and

Snyder v. Johnson, 44 Okla. 388, 144 Pac. 1035.

Upon examination of this entire record we are unable to see how, in good conscience, either in law or equity, defendants in error could, with any degree of justice, be allowed to retain the lease contract and royalty grant covering the lands in question after having failed to comply with their contract without fault on the part of plaintiffs in error, and, under the long line of authorities and well-settled law of this state, it is the duty of this court to consider the entire record, weigh the evidence, and cause to be rendered such judgment as the trial court should have rendered. Cash v. Thomas, 62 Okla. 21, 161 Pac. 220; Minnehoma Oil Co. v. Florence, 92 Okla. 17, 217 Pac. 443.

The judgment of the district court of Rogers county is, therefore, reversed in so far as it sustains the lease contract and royalty grant in question, and judgment here rendered canceling, vacating, and setting aside such contracts and defendants in error credited with the $100 paid to plaintiffs in error, and the judgment in all other respects is affirmed.

All the Justices concur.

Note.—See under (1) 9 C. J. p. 1232, §144; 4 R. C. L. Supp. p. 491; 1 R. C. L. Supp. 1146. (2) 4 C J. p. 902, §2871; p. 1192, §3230; 2 R. C. L. Supp. p. 203; 1 R. C. L. p. 442; 4 R. C. L. p. 90. 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73.