## GRAYSON et al. v. BROWN et al.

No. 20708.  Oct. 24, 1933.

S. S. Lawrence and G. C. Spillers, for plaintiffs in error.

W. M. Haulsee, R. J. Roberts, John Rogers, James B. Diggs, William C. Liedtke, Russell G. Lowe, Redmond S. Cole, C. L. Billings, Rowland & Talbott, Joseph A. Gill, Jr., and Ray S. Fellows, for defendants in error.

ANDREWS, J.  This is an appeal by the plaintiffs in error, who were the plaintiffs in the trial court, from a judgment of the district court of Seminole county, Okla., denying their prayer for ejectment and other relief in an action involving the title and possession of a tract of land located in Seminole county, which land had been allotted to one Lowine, who received such allotment as a member of the Seminole Tribe of Indians in Oklahoma.  The plaintiffs were heirs of the allottee, Lowine.  The defendants in error, who were the defendants in the trial court, are grantees immediate or remote of the said Lowine.  The last conveyance executed by her to any of them was in the year 1913.  She died in 1926.  This action was commenced in 1927.

In their amended petition the plaintiffs alleged that at the time of the execution by Lowine of the deeds in question she did not have sufficient mental capacity to understand the nature and effect of any kind or character of contract or business transaction; that she neither spoke nor understood the English language, and that she was blind and an idiot.  They pitched their case on the contention that the deeds from her were null and void under the provisions of section 9402, O. S. 1931, doubtlessly for the reason that, under that provision of the statutes, third persons could acquire no valid interest in the property conveyed thereby, even though they took without knowledge of any infirmity therein.  That statutory provision was construed by this court in Long v. Anderson, 77 Okla. 95, 186 P. 944, Harris v. International Land Co., 89 Okla. 163, 213 P. 845, and Connecti-

cut General Life Ins. Co. v. Cochran, 95 Okla. 111, 218 P. 313.

In Miller v. Folsom, 49 Okla. 74, 149 P. 1183, this court held:

"The test of capacity to make a deed is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting. To invalidate a deed it must appear that the grantor was incapable of comprehending that the effect of the deed, when made, executed, and delivered would be to divest him of the title to the land set forth in the deed."

In Jones v. Mead, 111 Okla. 16, 237 P. 445, this court held:

"In order to render a deed void upon the ground of insufficient mental capacity, it must be shown that the grantor not only did not understand the nature of the transaction, but also that he was without sufficient mental capacity to understand it."

It will be noted that the rule so announced was materially different from the rule construing section 9403, O. S. 1931, as stated in Sanders v. Rhea, 119 Okla. 208, 249 P. 350. There is nothing in either the pleadings or the evidence that shows that the plaintiffs relied on the provisions of section 9403, supra.

The plaintiffs' first contention is that the trial court committed error in admitting incompetent and prejudicial testimony over the objection of the plaintiffs. The particular testimony objected to was that of J. A. Patterson, who was asked:

"Q. Now, Mr. Patterson, section 4981 as a compiled Oklahoma statute of 1921 reads as follows: 'A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family.' That section of the statute has been construed in the case of Miller v. Folsom, 'To invalidate a deed it must appear that the grantor was incapable of comprehending that the effect of the deed when made, executed, and delivered would be to divest him of the title to the land set forth in the deed.' Now, as a result of your conversation and observations of Lowine on this occasion when she came into your office and your conversation with her and the investigation you made at that time under the light of that statute and the construction thereon just read to you, did you form an opinion there at that time as to whether or not Lowine had sufficient mental capacity to understand the effect of a deed to her land if properly explained to her?"

—and who answered, over the objection of the plaintiffs, as follows:

"A. I would say that in my judgment, if the deed was properly explained to Lowine, she would understand the nature and effect of the deed."

They contend that the statement included in that question as to the effect of the decision of this court in Miller v. Folsom, supra, was incorrect. That contention is correct only as to the title to the case referred to therein, for the holding of this court therein referred to was in Harris v. International Land Co., supra, and Long v. Anderson, supra. We do not consider that the error in the citation of the case was a reversible error, under the provisions of section 3206, O. S. 1931.

It is contended that the question as to mental capacity assumed facts not proved. We do not agree with that contention. The record shows that the witness Patterson had an opportunity to form some conclusion as to the intelligence of the grantor. The record shows that she was blind. That fact alone was sufficient to show that any deed had to be explained to her. The question in issue in this case, selected by the plaintiffs for determination by this court, is whether or not the grantor had sufficient mental capacity to understand the nature and effect of her deed. We find no reversible error in the question and answer.

The plaintiffs contend that the trial court committed prejudicial error in instructing the jury, in that, by those instructions, there was placed upon them the burden of proving that the grantor was entirely without understanding and did not have the mental capacity to understand the nature and effect of her acts. We have carefully reviewed this record, and we find nothing in the instructions that places any undue burden upon the plaintiffs. The instructions, when considered as a whole, under the rule stated in Missouri, K. & T. Ry. Co. v. Zuber, 76 Okla. 146, 184 P. 452, and Gourley v. Jackson, 142 Okla. 74, 285 P. 84, correctly stated the law applicable to the issues presented for determination. The record shows that the plaintiffs submitted their case without a motion for an instructed verdict and without a demurrer to the evidence of the cross-petitioners. They thereby waived any question as to the sufficiency of the evidence to sustain the verdict. Henderson v. Todd, 91 Okla. 18, 215 P. 607; Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157; McDonald, Adm'r, v. Strawn, 78 Okla. 271, 190 P. 558, and Sloan v. Anderson, 160 Okla. 180, 18 P. (2d) 274.

This court is committed to the well-

established rule that, in a law action, where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, it will not review the evidence for the purpose of determining the weight thereof, substitute its judgment for the judgment rendered on the verdict, or disturb the verdict on appeal. Swindler v. Selby, 130 Okla. 294, 267 P. 471.

There being competent testimony reasonably tending to support the verdict of the jury, the judgment of the trial court rendered thereon is hereby affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS, JJ., concur. BUSBY and WELCH, JJ., absent.