## HARRIS, Gd'n, v. COMMERCE TRUST CO. et al.

No. 24722.    June 4, 1935.

Rehearing Denied June 25, 1935.

P. L. Newton, Chas. G. Watts, and W. D. Halfhill, for plaintiff in error.

George W. Leopold and J. F. Brett, for defendants in error.

PER CURIAM. This suit was brought in the lower court by C. B. Harris, as guardian of one Charles L. Harris, against the Commerce Trust Company of Kansas City, Mo., to cancel a first mortgage upon certain lands belonging to the ward, which mortgage was given to secure a promissory note in the sum of $2,100, and also to cancel a second mortgage upon said lands given to secure a promissory note for the sum of $420. The defendant in error Portsmouth Trust & Guarantee Company was permitted to intervene and set up its title, by assignment, to the first mortgage and the note secured thereby, and to ask for foreclosure. The grounds for the relief sought by plaintiff were: That prior to the making of said mortgages and notes by the said Charles L. Harris he had been adjudicated an incompetent person, and that at the time of making said mortgages and notes he was an invalid of unsound mind and wholly incapable of understanding the purport and effect of a mortgage, and that the defendant intervenor had at all times had full and complete notice and knowledge of such alleged incapacity.

Trial to the court resulted in a judgment in favor of the intervener, Portsmouth Trust & Guarantee Company, adjudging it to be a purchaser for value, before maturity and without notice, of the first mortgage and the note secured thereby, and decreeing foreclosure. The court further decreed cancellation of the second mortgage, but that part of the judgment is not being questioned on this appeal.

The plaintiff presents the following propositions as grounds for reversal: (1) That

the appointment of a guardian for Charles L. Harris in 1900 rendered the mortgages and notes given by him on May 14, 1926, absolutely void; (2) that regardless of the validity or invalidity of the adjudication of his incompetency and of any want of notice thereof to defendants in error, said Charles L. Harris was entirely without understanding at the time of the execution of the instruments in question, and that the trial court, having so found, was in error in decreeing a foreclosure of the mortgage; (3) that there was no valid consideration for the mortgage; (4) that plaintiff should have been given judgment against the Commerce Trust Company for the amount due on the mortgage forclosed.

In answer to plaintiff's first proposition defendants urge: (1) That the appointment of a guardian for Charles L. Harris in 1900 under the Arkansas law is void upon its face, for the reason that it did not appear that the incompetent was present in court; (2) that such guardianship was abandoned, and defendants had no notice thereof; (3) that because of the marriage of Charles L. Harris after the adjudication of his incompetency, his restoration to competency should be presumed.

We are unable to say from the evidence appearing in the record that the appointment of a guardian for Charles L. Harris in 1900 was void upon its face for the reasons urged by defendants. The order appointing guardian does not appear in the record, and the issuance of letters of guardianship carries with it the presumption that all facts necessary for the exercise of jurisdiction were found by the court to exist. Johnson v. Furchtbar, 96 Okla. 114, 220 P. 612; Tucker v. Leonard, 76 Okla. 16, 183 P. 907.

In June, 1903, the guardian appointed for Charles L. Harris in June, 1900, died. Nothing further appears to have been done in said guardianship proceedings until in 1914, when the bondsmen of the deceased guardian filed a final report, and procured an order releasing their bond and vacating the letters of guardianship. The guardianship then remained vacant until the plaintiff in this action was appointed guardian in December, 1930, more than four years after the giving of the notes and mortgages in controversy. Moreover, shortly after the death of the deceased guardian in 1903, Charles L. Harris married, and has ever since lived with his wife upon the land mortgaged. Under this state of facts we are unable to accept plaintiff's contention that the adjudication of incompetency in 1900 had the effect of rendering void the instruments executed in 1926. The rule announced by this court in Nichols et al. v. Clement Mortgage Co., 112 Okla. 155, 241 P. 167, is controlling upon this point. The order discharging guardian, entered in 1914 by the county court of Muskogee county, to which the proceedings had been transferred, referred to Charles Harris as a minor, and the letters of guardianship themselves recited that the guardian had entered into a bond for the use of "said minor," and had filed his bond for use of "said minor." We are not willing to hold that a guardianship so long abandoned, followed by the marriage of the ward and attended with the irregularities referred to, should be permitted to serve as constructive notice of incompetency to innocent purchasers, before maturity and without actual notice, of commercial paper executed by the incompetent.

In connection with plaintiff's contention that Charles L. Harris was, at the time of the execution of the instruments in question, a person entirely without understanding, plaintiff places much stress upon the finding of the trial court, contained in the journal entry of judgment, regarding Harris' mental condition, as follows:

"The court further finds that while the plaintiff, Charles L. Harris, has some conception and understanding of the ordinary affairs of life, same is so limited that he is unable to even count small change to the amount of one dollar or to have any comparative conception of the value of his land by the acre and by the whole tract—and that estimating his mentality as a whole and his ability to take care of himself and of his interest in financial transactions, he is to be classed with respect to making contracts as a person 'entirely without understanding', and entitled to the protection of section 9402 of the 1931 Oklahoma Statutes as such."

In the next paragraph of the journal entry the court found that the intervener, at the time it purchased the note and mortgage, had no notice or knowledge, either actual or constructive, of the incompetency of Harris, that it was a purchaser for value without notice and before maturity, and "that under the holdings of the Supreme Court of this state, the incompetency of the plaintiff is no defense to the foreclosure of its mortgage." We are not informed upon what holdings of this court the learned trial judge based such conclu-

sion of law. In support of the judgment counsel for defendants cite and quote from the cases of Loman v. Paullin, 51 Okla. 294, 152 P. 73, and Edwards v. Miller, 102 Okla. 189, 228 P. 1105, but an examination of those cases discloses that the incompetent persons therein involved were not persons "entirely without understanding," within the meaning of section 9402, O. S. 1931. That section provides:

"A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family."

This section was correctly applied in Connecticut General Life Ins. Co. v. Cochran et al., 95 Okla. 111, 218 P. 313, this court saying in paragraph 1 of the syllabus:

"Where a grantor in a deed is incapable of comprehending that the effect of the deed when executed and delivered would be to divest such grantor of title to the land described in such deed, said grantor is as to such deed entirely without understanding within the meaning of section 4981, Comp. St. 1921, and the deed is void and conveys no rights to the grantee or subsequent purchasers or incumbrancers in good faith."

To the same effect are the cases of Harris v. International Land Co. et al., 89 Okla. 163, 213 P. 845, and Long et al. v. Anderson et al., 77 Okla. 95, 186 P. 944.

It is urged in the brief of defendants in error, upon authority of Watashe v. Tiger, 88 Okla. 77, 211 P. 415, and Setzer v. Moore, 164 Okla. 70, 22 P. (2d) 998, that the findings of fact contained in the journal entry of judgment, not having been requested by either party, amounted to no more than a general finding, and should be so considered by the court. The cases relied upon are distinguishable from the case at bar, the former by the fact that the special findings were not incorporated in the journal entry, and the latter by the fact that the case was submitted upon a stipulation of facts, which this court said was "sufficiently complete and full for the rendition of the judgment." Where, however, the special findings of fact, arrived at upon a consideration of conflicting evidence, are incorporated in the judgment, as was done in this case, they become a part of the record, and the presumption is that they were made upon request of the parties and in compliance with the statute. Miller et al. v. Barnett et al., 49 Okla. 508, 153 P. 641.

It follows that if the trial court was correct in finding that Charles L. Harris was a person entirely without understanding, his conclusion that such incompetency was no defense to the foreclosure of intervener's mortgage was erroneous, and a reversal of the judgment would be required. If, however, the finding that Charles L. Harris was a person entirely without understanding is against the clear weight of the evidence, the result reached by the trial court is correct and the judgment should be affirmed.

In a case of this character it is the duty of this court to review the entire record, weigh the evidence, and render, or cause to be rendered, a judgment in accordance with what we believe to be the clear weight of the evidence. Long v. Anderson, supra; Clement Mortgage Co. v. Lewis et al., 122 Okla. 188, 253 P. 88; Dieterle et al. v. Clum et al., 130 Okla. 5, 264 P. 887. Upon a careful reading of the record in this case a full consideration of all the evidence introduced, we are convinced that the trial court erred in finding as a matter of fact that Charles Harris was a person entirely without understanding within the meaning of section 9402, O. S. 1931. While it is true that Charles Harris testified that he did not know a deed from a mortgage, the record also shows that he was asked the following questions by the court and made the following answers:

"Q. Suppose I owned a piece of land and gave you a deed to it, whose land would it be then? A. It is mine. Q. Suppose I make you a mortgage on my land, how do you collect that mortgage? A. I foreclose it."

The answers given are wholly inconsistent with the view that Harris was without understanding to the extent that he did not comprehend the effect of the mortgage he signed. The evidence showed that he remembered that the first mortgage given by him on the land was for the purpose of obtaining money with which to buy some horses; that, asked the question, "If you make a mortgage on a piece of land and then you don't pay it, what happens to the land?" he replied, "They take it." It further appears that, prior to the transaction under consideration, Harris had exchanged deeds with other members of his family in effecting a division of his mother's estate; that he had given other mortgages upon the land involved in this case, upon one of which a suit to foreclose had been brought, wherein he was represented by an attorney, who filed an answer which did not plead incompetency, and in which case one of the attorneys now representing the guardian of

Charles Harris appeared as attorney for the mortgagee and obtained a judgment of foreclosure without the bringing in of a legal guardian or the appointment of a guardian ad litem for the incompetent. The record shows that Harris had at various times transacted business with different banks, borrowing money and giving chattel mortgages upon his crops and live stock. Reluctant as this court always is to disagree with the trial court in its findings of fact, we are compelled to conclude that the record in this case shows that the finding of the trial court on this question of fact is against the clear weight of the evidence.

It is clear from the evidence that Charles L. Harris was at the time of the transaction in question a person of unsound mind, but not entirely without understanding. Therefore, this case falls within the provisions of section 9403, O. S. 1931, which provides:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

If follows that plaintiff was not entitled to rescission or cancellation of the first mortgage to the prejudice of the rights of the intervener, which the trial court correctly found to be an innocent purchaser for value before maturity and without notice.

The contention of the plaintiff that there was no consideration for the note and mortgage assigned to the intervener by the Commerce Trust Company must be rejected. The mortgage was given to take up a prior mortgage, which, although voidable, was valid until rescinded, and the fact that the money advanced upon the note and mortgage of intervener was paid in satisfaction of the former mortgage, rather than to Charles L. Harris, by no means renders the transaction one without consideration.

No fraud in the procurement of the note and mortgage was either alleged or proved. In the absence of such a showing, plaintiff's contention that the trial court should have rendered judgment in his favor against the Commerce Trust Company for the amount of the note and mortgage assigned by it to intervener and by the court ordered foreclosed must likewise be denied. No authorities are cited in plaintiff's brief

in support of the contention, and we know of no theory upon which plaintiff's position upon this proposition could properly be sustained.

For the reasons given, we conclude that the result reached by the trial court is correct, and that the judgment should be, and it hereby is, affirmed.

The Supreme Court acknowledges the aid of Attorneys John T. Craig, John L. Arrington, and A. B. Campbell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Craig, and approved by Mr. Arrington and Mr. Campbell, the cause was assigned to a Justice of this court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.