MARTEN v. WAGNER, Gdn.

No. 32491. March 4, 1947.

*178 P. 2d 618.*

274

T. Austin Gavin, of Tulsa, for plaintiff in error.

Carl Kruse, of Enid, and Louis Reilly, of Kingfisher, for defendant in error.

HURST, C.J. This is an action by Viola Wagner, guardian of the estate of Mary A. Friend, an incompetent, against W. J. Marten to cancel a mineral deed conveying to Marten an undivided one-half interest in the minerals in and under 160 acres of land in Kingfisher county. From a judgment in favor of the plaintiff, the defendant appeals.

Plaintiff, in her petition, alleged that at the time of the execution of the conveyance, Mary A. Friend was of unsound mind, was legally incompetent to transact her own business, and was incapable of understanding, and did not understand the effect of the mineral deed executed by her. This is the issue on which the case was tried.

The record discloses that the defendant first called upon Miss Friend on December 23, 1944, to discuss purchasing the mineral interest, and on December 26, 1944, V. F. Seaman, the silent partner of Marten in the transaction. called upon her and procured her signature to the mineral deed, paying therefor in cash $640. On January 2, 1945, on the petition of Viola Wagner, a niece of Mary A. Friend, the county court of Garfield county adjudged her to be incompetent and appointed Viola Wagner as guardian of her estate. On January 8, 1945, Viola Wagner, as such guardian; commenced this action, tendering to the defendant the consideration paid for the mineral deed.

At the trial the plaintiff called as witnesses several persons, who had been associated with Miss Friend and were in a position to express an opinion as to her mental capacity, who expressed the opinion that she was not capable of understanding the nature and effect of the conveyance. There was testimony that the defendant was advised of her incapacity before he called upon her to procure the deed. A doctor testified that she was suffering from senile dementia and had been so suffering for about five years. Miss Friend was placed upon the stand and her testimony showed a clear lack of balance and understanding. She did not know her age, was not sure whether she had lived most of her life in Kentucky or Oklahoma, did not know the location of her farm and whether it was situated in Kingfisher county, and denied that she had ever executed an oil and gas lease on the land, although the record discloses that she had previously executed two leases about a week apart. There was testimony that after collecting rent on her farm, she repeatedly called upon her tenant and demanded the rent again, and after paying taxes on her farm, she repeatedly called upon the county treasurer with the view of paying the taxes again.

The defendant introduced in evidence the testimony of the notary public who took the acknowledgment of Miss Friend to the mineral deed, and who testified that he read most of the mineral deed to Miss Friend and explained it to her, but, on cross-examination, he testified that he did not know whether she understood what the instrument was, but supposed she did, as she said she did.

Marten and Seaman testified that they thought she was competent to understand the nature and effect of the deed, and denied that they had been advised that she was incompetent.

, The plaintiff introduced evidence to the effect that the mineral interest was worth from $50 to $100 per acre, while the defendant introduced testimony to the effect that it was worth from $8 to $15 per acre.

The court made special findings of fact and conclusions of law that, while he thought the consideration paid for

the mineral deed was inadequate, he could not say that it was so grossly inadequate as to justify cancellation on that ground, but he did find that Miss Friend was mentally incompetent to understand the nature and effect of the transaction and its probable consequences at the time the instrument was executed, and that the defendant was advised of her incompetency before the deed was executed, and he required the plaintiff to restore the consideration to the defendant. The court called attention to the fact that Miss Friend was feeble and it was necessary to help her to and from the stand. While her exact age was not given, it appears from the record that she was past 80 years of age.

For reversal, the defendant argues (1) that the burden of proof is upon the plaintiff to establish her cause of action, (2) that the plaintiff failed to sustain such burden of proof, and that the judgment is clearly against the weight of the evidence, and (3) that the mineral deed was not void.

The plaintiff admits that the burden of proof was upon her, but says that she sustained such burden, and that the judgment of the court is in accordance with, and is not clearly against, the weight of the evidence.

The plaintiff does not contend that Miss Friend was entirely without understanding so as to render the deed void under 15 O. S. 1941 § 22, or that she had been judicially determined to be incompetent so as to make the deed void under 15 O. S. 1941 § 24. She contends that the deed was voidable under 15 O. S. 1941 § 23, and subject to rescission.

This suit was prosecuted under 15 O. S. 1941 § 23, which provides:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

The last sentence has reference to 15 O. S. 1941 § 235:

"Rescission, when not effected by consent, can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"(1) He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"(2) He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

The test of capacity to make a deed or conveyance is that the grantor shall have the ability to understand the nature and effect of the act at the time the conveyance is made. Antle v. Hartman, 193 Okla. 524, 145 P. 2d 756.

We think the true rules, deducible from the authorities, are (1) that where there is weakness of mind in the grantor, arising from age, sickness or other cause, though not sufficient to prevent him from understanding the nature and effect of executing the conveyance at the time it is executed, the burden is upon the grantor seeking cancellation to prove, in addition to weakness of mind, inadequacy of consideration or that the instrument was procured as a result of fraud, menace, duress, undue influence or mistake practiced by or on behalf of the grantee in obtaining the conveyance; and (2) where the unsoundness of mind is so great that the grantor cannot understand the nature and effect of the transaction, although he is not entirely without understanding and his incapacity has not been judicially determined, he or his guardian subsequently appointed may, as authorized by 15 O. S. 1941 § 23, rescind by complying with 15 O. S. 1941 § 235, and such grantor or his guardian subsequently appointed may secure cancellation of the conveyance without proving inadequacy of consideration, fraud,

menace, duress, undue influence or mistake, where this can be done without prejudice to the rights of third persons. Miller v. Folsom, 49 Okla. 74, 149 P. 1185; Scott v. Scott, 131 Okla. 144, 268 P. 245; Canfield v. Canfield, 167 Okla. 595, 31 P. 2d 149; Oklahoma Natural Gas v. Lay, 175 Okla. 75, 51 P. 2d 580; Pomeroy's Equity Jurisprudence (4th Ed.) §§ 946, 947; 9 C. J. 1176, 1177; 12 C. J. S. 970, 976; 9 Am. Jur. 363; Black on Rescission and Cancellation (2d Ed.) §§263-267.

The defendant cites Graff v. Holliday, 172 Okla. 503, 45 P. 2d 1065, Powell v. Hughes, 189 Okla. 241, 116 P. 2d 896, and Russworm v. Sims, 196 Okla. 193, 164 P. 2d 238. We think these cases come under the first rule above stated.

The question here is whether the mental incapacity of Miss Friend was such as to bring the case under the first rule or the second rule. After carefully considering the evidence, we are of the opinion, and hold, that the finding of the court that it comes under the second rule is not clearly against the weight of the evidence. This being a case of equitable cognizance, under the circumstances above outlined, the judgment will not be disturbed. Local Federal Savings & Loan Ass'n v. Sickles, 196 Okla. 395, 165 P. 2d 328.

After Miss Friend was adjudged incompetent and plaintiff appointed guardian of her estate, the plaintiff as such guardian had the same right to rescind the contract and sue to cancel the conveyance that Miss Friend would have had if no guardian had been appointed for her. 12 O. S. 1941 § 223.

Judgment affirmed.

DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.