**SOONER FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,**

v.

**Bill W. SMOOT and Dowana Smoot, husband and wife; Peoples Savings & Investments, Inc.; and Charles E. Harding, Harvey Lee (Guardian), Appellees.**

**No. 64502.**

Supreme Court of Oklahoma.

Jan. 20, 1987.

Rehearing Denied April 14, 1987.

---

Miller, Dollarhide, Dawson & Shaw by James C. Shaw and Vonda L. Wilkins, Oklahoma City, for appellant.

Lytle, Soule, Curlee, Harrington, Chandler & Van Dyke by Michael J. Fong, Oklahoma City, for appellee Harvey Lee, Guardian of Charles E. Harding.

LAVENDER, Justice:

This case involves competing claims to residential property in Nichols Hills. The property was the residence of appellee Charles Harding, who had inherited the property from his father. While working as an employee of First Mortgage Company, Bill Smoot was approached by Charles Harding for a loan. Though the loan request was disapproved, Smoot entered into personal negotiations with Mr. Harding. These negotiations culminated in Smoot's procurement of a warranty deed on the property from Mr. Harding. The consideration given for the deed was some 20,000 dollars and a one-quarter mineral interest in 80 acres of land that at that time had not been developed for oil and gas. Smoot also paid off an existing mortgage on the property of the value of 10,000 dollars. The property had been valued in appraisal at 235,000 dollars.

After having obtained the deed from Mr. Harding, Smoot used the property to se-

cure loans which he obtained from appellant Sooner Federal and Peoples Savings. Smoot subsequently defaulted on these loans and then took bankruptcy. The note to Sooner Federal was discharged and the claim to the Nichols Hill's property abandoned. Sooner Federal then initiated this action to foreclose its mortgage interest in the property in the amount of 85,000 dollars.

Upon learning that Mr. Harding was still in possession of the property, ostensibly under a lease agreement with Smoot, Sooner Federal joined him as a party to the foreclosure proceedings. Mr. Harding cross-petitioned seeking to quiet title to the property in himself on the ground that the deed to Smoot through which Sooner Federal claimed its interest had been void.

This matter was tried to the court. The evidence presented to the court established that a guardian had been appointed for Mr. Harding subsequent to the transactions with Smoot. It was established by expert testimony that Mr. Harding's mentality was that of a six to ten year old, that his reading ability was on a first grade level and that he had been in this condition all of his life. The expert testified that, due to excellent socialization, Mr. Harding's condition might not be immediately obvious to one having contact with him, but that the condition would be clear to one having repeated contacts. Both the expert and lay witnesses testified to the effect that Mr. Harding would not be able to understand the significance nor the nature and effect of the documents which he signed in regard to the real estate transactions involving his property.

The testimony of Smoot in this case established that after the initial contact with Mr. Harding in which Mr. Harding sought to obtain a loan of money, he met with Mr. Harding approximately a dozen times over the course of thirty to sixty days. The culmination of these meetings was the signing of a purchase contract and the warranty deed for the property from Mr. Harding to Smoot.

On the basis of this evidence the trial court found that the deed from Mr. Harding to Smoot had been a nullity and conveyed no interest to which Sooner Federal could establish a claim. Judgment was entered for Mr. Harding in the matter. The trial court also awarded attorney fees to Mr. Harding. Sooner Federal appealed this judgment.

■ The Court of Appeals, Division I, found that the trial court's judgment regarding the competence of Mr. Harding was supported by the evidence. However, that court also found that the deed from Mr. Harding to Smoot was voidable rather than void so that Sooner Federal's interest did attach to the property. The extent of this interest was found to be only of the value of the benefits actually received by Mr. Harding. No relevant authority was cited to support this unique result. Both Sooner Federal and Mr. Harding petitioned this Court for certiorari. Having previously granted certiorari in this case, we agree with the parties that the result reached by the Court of Appeals, Division I, is erroneous and hereby vacate the order issued in this matter by that court.[1]

### I.

The crux of the issue in this case is the question of whether the evidence before the trial court supports the finding that 15 O.S. 1981 § 22 applies to this case as found by the trial court, or whether 15 O.S. 1981 § 23, is the applicable provision, as argued by Sooner Federal.

Title 15 O.S. 1981 § 22, provides:

A person entirely without understanding has no power to make a contract of any kind, but he is liable for the reasonable value of things furnished to him necessary to his support or the support of his family.

Title 15 O.S. 1981 § 23, provides:

---

1. We know of no reason why, if the deed from Harding to Smoot was merely voidable, Sooner would not have a lien for the full amount of its mortgage, assuming it was an innocent party. But if the deed to Smoot was void Sooner would have no lien. Title 15 O.S. 1981 § 22.

A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts.

The applicable standard of review in this case is whether the trial court's determination that Mr. Harding was a person entirely without understanding within the meaning of section 22 is against the weight of the evidence.[2] The evidence presented to establish Mr. Harding's incompetence must itself be of a clear and convincing nature to overcome the presumption of competence.[3]

In this case the only evidence to which Sooner Federal directs our attention which would controvert the trial court's finding regarding Mr. Harding's competence is testimony to the effect that Mr. Harding had previously signed his name to various instruments in connection with sales and loans affecting, or secured by, interests held by his family. It is argued by Sooner Federal that this evidence establishes that Mr. Harding was familiar with and understood the effect of a warranty deed. However, this testimony was explained in the context that Mr. Harding had inherited a good deal of property in common with other family members when his father had died intestate. The execution of these instruments was in conjunction with these various family members or others in charge of the family business who were acting as de facto guardians. The validity of those conveyances is not now at issue, however, the presumptions which may be drawn from this testimony do not support Sooner Federal's contention that the trial

court's decision is against the weight of the evidence.

Further, the evidence presented to establish Mr. Harding's incompetence consisted of both expert and lay testimony. The expert testimony was based on tests administered to Mr. Harding to establish his level of mental function as well as on contact with Mr. Harding. The lay testimony presented went to establish both Mr. Harding's lack of understanding and the time frame over which his condition had existed. We find this testimony to be sufficiently clear and convincing to support the trial court's conclusion that the presumption of competence was overcome.[4]

In the early case of *Long v. Anderson*,[5] this Court stated, in regard to what is now codified as 15 O.S. 1981 § 22:

The words "entirely without understanding" in this section, in our opinion, have reference to the nature of the contract assailed. In order to render a deed void under this section on the ground of insufficient mental capacity, it must be shown that the grantor not only did not understand the nature of the transaction, but also that he was without sufficient mental capacity to understand it. While this particular section was not mentioned, we think the rule announced in *Miller v. Folsom*, 49 Okl. 74, 149 Pac. 1185, announces the just and correct rule to be applied in determining the competency of a grantor to execute a deed. It was there held that the test to be applied in such circumstances is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting, and that in order to invalidate the deed it must be shown that the grantor was incapable of comprehending that the effect of the deed when made, executed,

2. See *In re Woodward,* 549 P.2d 1207 (Okla. 1976); *Long v. Anderson,* 77 Okla. 95, 186 P. 944 (1920).

3. See *In re Woodward,* supra note 1; *Tate v. Murphy,* 202 Okla. 671, 217 P.2d 177 (1950).

4. Compare *Armstrong v. Anderson,* 417 P.2d 326 (Okla.1966), with the testimony presented in the present case.

5. 186 P. at 946. See also *Carroll v. Risner,* 201 Okla. 314, 205 P.2d 282 (1948); *Channell v. Jones,* 184 Okla. 644, 89 P.2d 769 (1939); *Grayson v. Brown,* 166 Okla. 43, 26 P.2d 204 (1933); *Jones v. Mead,* 111 Okla. 16, 237 P. 445 (1925).

and delivered would be to divest him of the title to the land set forth in the deed.

In *Long v. Anderson* this Court reversed the trial court's ruling which had upheld the foreclosure of mortgages held by parties claiming to hold the mortgages as innocent incumbrancers. The Court stated that the question of whether the incumbrancers claimed an interest as innocent third party purchasers was immaterial where the underlying deed is void by operation of section 22.

In contrast, in the case of *Harris v. Commerce Trust Co.*,[6] it was stated that a situation in which the facts established that a party was of unsound mind, but capable of understanding the nature of a transaction into which he had entered, brought the case within the operation of the statute now codified as 15 O.S. 1981 § 23. In that case it was stated: [7]

It is clear from the evidence that Charles L. Harris was at the time of the transaction in question a person of unsound mind, but not entirely without understanding. Therefore, this case falls within the provisions of section 9403, O.S. 1931, which provides: "A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

It follows that plaintiff was not entitled to rescission or cancellation of the first mortgage to the prejudice of the rights of the intervener, which the trial court correctly found to be an innocent purchaser for value before maturity and without notice.

The question at issue in this case was Mr. Harding's ability to comprehend the nature and effect of his execution of the warranty deed in favor of Smoot. If he did not understand the nature and effect of this transaction and further lacked sufficient mental capacity to understand such a transaction, the deed was void and Sooner Federal could not maintain a claim through that transaction. On the other hand, if, otherwise of unsound mind, Mr. Harding had the capacity to and did understand the nature of the transaction with Smoot, the deed, being voidable, would be sufficient to support the claim of an innocent third party incumbrancer.[8] In this case, based on our review of the evidence as previously discussed, we find that the trial court's conclusion that Mr. Harding lacked understanding and the capacity of understanding the nature of the transaction with Smoot was not against the clear weight of the evidence. We therefore affirm the judgment of the trial court finding the deed to Smoot to be void and quieting title to the property in Mr. Harding.

**II.**

Sooner Federal also challenges the award of attorney fees to Mr. Harding in this case. The premise of this challenge is that the judgment against Sooner Federal was improper. As we find the judgment of the trial court in favor of Mr. Harding and

---

**6.** 173 Okla. 38, 46 P.2d 368 (1935). And see also *Long v. Anderson,* supra note 1; *Jones v. Mead,* supra note 4.

**7.** 46 P.2d at 371.

**8.** The cases cited in footnote 5 of this opinion indicate that the test to be applied in finding a transaction voidable under 15 O.S. 1981 § 23 is whether the alleged incompetent understood the nature of the challenged transaction, but was otherwise of unsound mind. The cases cited at footnote 4 indicate that the test to be applied to find a transaction void under 15 O.S. 1981 § 22 is whether the alleged incompetent lacked both the understanding of the nature of the challenged transaction and the capacity to achieve such understanding. A third line of cases, *Mock*

*v. Stricklin,* 315 P.2d 247 (Okla.1957); *Marten v. Wagner,* 198 Okla. 273, 178 P.2d 618 (1947); and *Powell v. Hughes,* 189 Okla. 241, 116 P.2d 896 (1941), find application in situations where it is shown that the alleged incompetent did not understand the nature of the transaction challenged, but was shown to have capacity to understand such transactions. In such cases the challenged transactions are voidable under section 23 rather than void under section 22. However, we reiterate that, in the present case, the evidence clearly supports the trial court's application of section 22 on the ground that Mr. Harding lacked both the understanding of the challenged deed and the capacity to understand such a transaction.

against Sooner Federal on Sooner Federal's action to enforce its claimed interest in the Nichols Hills property to be proper, we find the award of attorney fees and costs in favor of Mr. Harding to be proper under 42 O.S. 1981 § 176.[9]

### III.

The order of the Court of Appeals, Division I, entered in this matter is VACATED. The judgment of the trial court is AFFIRMED.

DOOLIN, C.J., and OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and HODGES and SIMMS, JJ., dissent.

---

**9.** See *Frayer v. Crain,* 196 Okla. 172, 163 P.2d 966 (1945).